UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIBERTY INSURANCE CORPORATION,<br>LM INSURANCE CORPORATION,<br>LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br>THE FIRST LIBERTY INSURANCE CORPORATION,<br>LIBERTY MUTUAL PERSONAL INSURANCE COMPANY,<br>LM GENERAL INSURANCE COMPANY,<br>LIBERTY MUTUAL MID-ATLANTIC INSURANCE COMPANY,<br>AMERICAN STATES INSURANCE COMPANY, and<br>WAUSAU UNDERWRITERS INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED RECOVERY EQUIPMENT AND SUPPLIES LLC,<br>ARES MEDICAL SUPPLIES LLC,<br>DANIEL HOROWITZ,<br>JAY I. ROBINZON, and<br>RUSSELL GLADKOVITSER A/K/A RUSLAN GLADKOVITSER,<br><br>Defendants. | C.A. No.: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The plaintiffs, Liberty Insurance Corporation, LM Insurance Corporation, Liberty Mutual Fire Insurance Company, The First Liberty Insurance Corporation, Liberty Mutual Personal Insurance Company, LM General Insurance Company, Liberty Mutual Mid-Atlantic Insurance Company, American States Insurance Company, and Wausau Underwriters Insurance Company (collectively, "Liberty Mutual" and/or "plaintiffs"), by their attorneys, King, Tilden, McEttrick & Brink, P.C., allege as follows:

1. This case surrounds two durable medical equipment ("DME") companies, Advanced Recovery Equipment and Supplies LLC ("Advanced Recovery"), ARES Medical

Supplies LLC ("ARES")[1], and their owners, Daniel Horowitz ("D. Horowitz"), Jay I. Robinzon ("Robinzon"), and Russell Gladkovitser a/k/a Ruslan Gladkovitser ("Gladkovitser"), who conspired to submit fraudulent No-Fault insurance charges for the provision of unlicensed, unnecessary, and medically worthless DME pursuant to unlawful referral relationships in violation of the law.

2. The Defendants took advantage of New York's No-Fault laws, whose protections provide eligible claimants with at least $50,000 in coverage for accident-related medical expenses and other losses ("No-Fault benefits").

3. Claimants can assign their No-Fault benefits to medical providers, which enables providers to submit No-Fault bills directly to the claimants' insurers.

4. The DME Entity Defendants billed Liberty Mutual for unlicensed DME during a portion of the relevant time period.

5. The DME Entity Defendants billed Liberty Mutual for medically unnecessary DME at unlawfully excessive rates.

6. The Defendants operated at several different locations around New York and New Jersey.

7. The scheme was perpetuated by improper referrals between the referring healthcare providers that enabled them to bill for DME.

8. The Defendants' violated the law by not properly disclosing their financial interest in the referral clinics to Liberty Mutual claimants.

9. The Defendants were not eligible to collect No-Fault payments because they failed to comply with applicable licensing requirements.

[1] Advanced Recovery and ARES are referred to as the "DME Entity Defendants."

10. The Defendants' scheme damaged Liberty Mutual through the submission of fraudulent No-Fault claims.

11. In furtherance of their scheme, the Defendants intentionally submitted statutory claim forms (i.e., NF-3 bills), which falsely certified each entity's eligibility to collect No-Fault payments.

12. Liberty Mutual reasonably relied on the facial validity of the medical documentation mailed by the DME Entity Defendants when making payments to these enterprises.

13. The success of the Defendants' fraud scheme relied on the transmission to Liberty Mutual, through the U.S. Mail, of invoices, bills, and other No-Fault claim documents warranting the DME Entity Defendants eligibility to collect No-Fault payments under New York law.

14. The Defendants intentionally submitted to Liberty Mutual hundreds of bills from the DME Entity Defendants knowing that none of the bills were lawfully compensable.

15. All of the acts and omissions of the Defendants described throughout this Complaint were undertaken intentionally.

16. Liberty Mutual brings this action against the Defendants for: (a) violations of the federal Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961, *et seq.*; (b) common-law fraud; and (c) unjust enrichment.

17. This Complaint seeks actual damages of more than $1,240,654.09, which represent No-Fault benefit payments that Liberty Mutual was wrongfully induced to make to the DME Entity Defendants.

18. Liberty Mutual also seeks a declaration pursuant to 28 U.S.C. § 2201 that it is not legally obligated to make any further payments to the DME Entity Defendants in connection with any No-Fault claims submitted to Liberty Mutual in connection with this scheme because (a) the DME Entity Defendants failed to comply with state and local licensure law; (b) the services

involved unlawful referrals and undisclosed financial arrangements; (c) the services were not medically necessary; and, (d) the charges exceeded the amounts allowed under the applicable Fee Schedule.

## I. THE PARTIES

### A. PLAINTIFFS

19. Liberty Mutual Mid-Atlantic Insurance Company and Liberty Mutual Personal Insurance Company are duly organized and existing under the laws of the Commonwealth of Massachusetts with their principal place of business in Boston, Massachusetts. Liberty Mutual Mid-Atlantic Insurance Company and Liberty Mutual Personal Insurance Company are authorized to conduct business in the State of New York.

20. Liberty Mutual Fire Insurance Company and Wausau Underwriters Insurance Company are companies duly organized and existing under the laws of the State of Wisconsin with their principal place of business in Boston, Massachusetts. Liberty Mutual Fire Insurance Company and Wausau Underwriters Insurance Company are authorized to conduct business in the State of New York.

21. Liberty Insurance Corporation, LM Insurance Corporation, The First Liberty Insurance Corporation and LM General Insurance Company are companies duly organized and existing under the laws of the State of Illinois with their principal place of business in Boston, Massachusetts. Liberty Insurance Corporation, The First Liberty Insurance Corporation, LM Insurance Corporation and LM General Insurance Company are authorized to conduct business in the State of New York.

22. American States Insurance Company is duly organized and existing under the laws of the State of Indiana with its principal place of business in Boston, Massachusetts. American States Insurance Company is authorized to conduct business in the State of New York.

## B. DEFENDANTS

### 1. Daniel Horowitz

23. D. Horowitz resides in and is a citizen of the State of New York.

24. D. Horowitz is a member of ARES.

25. D. Horowitz shares the phone number (201) 227-2737 with ARES.



## Phone Finder Report

**Generated On:** 08/07/23 | FOR INFORMATIONAL PURPOSES ONLY | Copyright © 2023 LexisNexis.

**Search Terms:** Phone: **2012272737**

**Phone Risk Indicator**

| | |
|---|---|
| Phone Criteria | Phone Service Type is VOIP |

| Primary Phone | Name | Phone Dates | Address | |
|---|---|---|---|---|
| **201-227-2737**<br>Possible VOIP<br>Status: Active<br>Listing: Business<br>Caller ID: Ares Med Supp<br>Carrier: ONVOY, LLC - IL CHICAGO IL<br>Number of Times Ported: 3<br>Number of Times Spoofed: 0 | **HOROWITZ, DANIEL A**<br>LexID: 14460789858<br>Primary Name | Last Seen: 05/01/2021<br>First Seen: 05/01/2021<br>Duration Seen: 0 Months<br>Seen: 27 Months Ago | 267 CRAFTON AVE<br>STATEN ISLAND, NY 10314-4252<br>(Property Type - Residential) | |
| | **HOROWITZ, JACKIE**<br>LexID: 238177936639 | Last Seen: 05/01/2021<br>First Seen: 05/01/2021<br>Duration Seen: 0 Months<br>Seen: 27 Months Ago | 267 CRAFTON AVE<br>STATEN ISLAND, NY 10314-4252<br>(Property Type - Residential) | |
| | **SCHENKER, WALTER MILTON**<br>LexID: 1380198487 | Last Seen: 04/28/2015<br>First Seen: 04/28/2015<br>Duration Seen: 0 Months<br>Seen: 99 Months Ago | 8774 LAKES BLVD<br>WEST PALM BEACH, FL 33412-1548<br>(Property Type - Residential) | |
| | **ADVANCED RECOV** | | ENGLEWOOD, NJ 07631-2905 | |

Carrier Details for 201-227-2737

26. D. Horowitz is the CEO of Advanced Recovery.

3/15/24, 3:27 PM Advanced Recovery Equipment and Supplies, LLC | Better Business Bureau® Profile

Advanced Recovery Equipment and Supplies, LLC provides medical equipment sales.

0 Customer Complaints

Business Details

**Location of This Business**
1100 Coney Island Ave Ste 3, Brooklyn, NY 11230-2343

**BBB File Opened:** 9/3/2013

**Years in Business:** 13

**Business Started:** 3/15/2011

**Business Incorporated:** 3/15/2011

**Type of Entity:** Limited Liability Company (LLC)

**Business Management**
Mr. Dan Horowitz, CEO

**Contact Information**
Principal
Mr. Dan Horowitz, CEO
Customer Contact
Mr. Dan Horowitz, CEO

**Additional Contact Information**
Fax Numbers
(718) 261-1166 Primary Fax

Customer Reviews

0 Customer Reviews

**What do you think? Be the first to review!**
How BBB Processes Complaints and Reviews

**Start a Review**

Local BBB

BBB Serving Metropolitan New York

More Info on Local BBB

BBB Reports On

27. D. Horowitz is the brother of Steven Horowitz, M.D., who is an owner of The Center for Musculoskeletal Disorders of New Jersey PC (“CMD”), Brooklyn Premier Orthopedics and Pain Management PLLC (“Brooklyn Premier”), FJ Orthopaedics and Pain Management PLLC (“FJ Ortho”), and Bergenfield Surgical Center, LLC (“Bergenfield”), all of which made referrals for DME to Advanced Recovery and ARES.

28. D. Horowitz participated in this scheme by (a) operating Advanced Recovery and ARES, (b) causing Advanced Recovery and ARES to bill for dispensing medically unnecessary DME to Liberty Mutual Claimants, including during periods of time when Advanced Recovery and ARES did not possess the requisite licensure, and (c) causing Advanced Recovery and ARES to submit claims for No-Fault payments to Liberty Mutual for DME that was excessively charged

and dispensed pursuant to unlawful referrals.

29. Therefore, D. Horowitz is responsible for the fraudulent charges for DME submitted to Liberty Mutual by Advanced Recovery and ARES.

**2. <u>Jay I. Robinzon</u>**

30. Robinzon resides in and is a citizen of New Jersey.

31. Robinzon is an officer of Advanced Recovery.

32. Robinzon is a founding member of ARES.

33. Robinzon is the brother-in-law of Steven Horowitz, M.D., an owner of CMD, a member of Brooklyn Premier, a member of FJ Ortho, and a member of Bergenfield, all of which made referrals for DME to Advanced Recovery and ARES

34. Upon information and belief, Robinzon is the brother-in-law of Jonathan Lewin, an owner of CMD, a member of Brooklyn Premier, a member of FJ Ortho, and a member of Bergenfield, all of which made referrals for DME to Advanced Recovery and ARES.

35. Robinzon is the CEO for The Center for Musculoskeletal Disorders of New Jersey PC.

36. Robinzon is the practice manager for Brooklyn Premier Orthopedics and Pain Management PLLC.

37. Robinzon participated in this scheme by (a) operating Advanced Recovery and ARES, (b) causing Advanced Recovery and ARES to bill for dispensing medically unnecessary DME to Liberty Mutual Claimants, including during periods of time when Advanced Recovery and ARES did not possess the requisite licensure, and (c) causing Advanced Recovery and ARES to submit claims for No-Fault payments to Liberty Mutual for DME that was excessively charged and dispensed pursuant to unlawful referrals.

38. Therefore, Robinzon is responsible for the fraudulent charges for DME submitted

to Liberty Mutual by Advanced Recovery and ARES.

**3. Russell Gladkovitser a/k/a Ruslan Gladkovitser**

39. Gladkovitser resides in and is a citizen of the State of New York.

40. Gladkovitser is a member of Advanced Recovery.

41. Gladkovitser is a managing member of ARES.

42. Gladkovitser participated in this scheme by (a) operating Advanced Recovery and ARES (b) causing Advanced Recovery and ARES to bill for dispensing medically unnecessary DME to Liberty Mutual Claimants, including during periods of time when Advanced Recovery and ARES did not possess the requisite licensure, and (c) causing Advanced Recovery and ARES to submit claims for No-Fault payments to Liberty Mutual for DME that was excessively charged and dispensed pursuant to unlawful referrals.

43. Therefore, Gladkovitser is responsible for the fraudulent charges for DME submitted to Liberty Mutual by Advanced Recovery and ARES.

**4. Advanced Recovery Equipment and Supplies LLC**

44. Advanced Recovery is a limited liability company organized under New York law.

45. Advanced Recovery is a DME provider with a principal place of business at 1100 Coney Island Avenue in Brooklyn, New York.

46. Advanced Recovery is operated and controlled by D. Horowitz, Gladkovitser, and Robinzon.

**4668-2023-RDPD: Dealer In Products**

| REC_ID | Business Category | Contact Type | CONTACT | Contact Title |
|---|---|---|---|---|
| 4668-2023-RDPD | Dealer In Products | Officer | GLADKOVITSER, RUSSELL | |
| | | | ROBINZON, JAY | |
| | | | Horowitz, Daniel | |
| | | Business Detail | ADVANCED RECOVERY EQUIPMENT AND SUPPLIES LLC | |
| | | Manager | horowitz, dan | |

47. Advanced Recovery shares the phone number (718) 434-7444 with ARES.




48. Advanced Recovery shares resources with ARES

49. Advanced Recovery fills prescriptions on behalf of ARES.

50. Advanced Recovery shares an e-mail with ARES: bpo@advancedres.net.

51. The "BPO" in the e-mail address bpo@advancedres.net stands for Brooklyn

Premier Orthopedics, which further evidences the unlawful referral relationship between Brooklyn Premier and the DME Entity Defendants.

52. Advanced Recovery participated in this scheme by (a) purporting to dispense medically unnecessary DME to Liberty Mutual Claimants, including during periods of time when it did not possess the requisite licensure, and (b) submitting claims for No-Fault reimbursement to Liberty Mutual for DME that was excessively charged and dispensed pursuant to unlawful referrals.

53. Advanced Recovery was not lawfully entitled to collect No-Fault payments.

**5. <u>ARES Medical Supplies LLC</u>**

54. ARES is a limited liability company organized under New Jersey law.

55. ARES maintains its principal place of business at 177 North Dean Street, Suite 303 in Englewood, New Jersey, which is CMD's principal place of business.

56. ARES also conducts business from 1100 Coney Island Avenue, Third Floor in Brooklyn, New York, which is Advanced Recovery's principal place of business.

57. ARES is owned by D. Horowitz.

| REC_ID | Business Category | Contact Type | CONTACT | Contact Title |
|---|---|---|---|---|
| 5235-2023-RDPD | Dealer In Products | Business Detail | ARES MEDICAL SUPPLIES LLC | |
| | | Member | Horowitz, Daniel | |

58. Gladkovitser is also a managing member of ARES.

1. Name of Limited Liability Company: ARES MEDICAL SUPPLIES LLC

2. Business ID Number: 0450048988

3. Amendments:

Article 2, the Business Address is amended to the following:

Main Business Address

177 N DEAN STREET
SUITE 303
ENGLEWOOD, NJ 07631

Principal Business Address

177 N DEAN STREET
SUITE 303
ENGLEWOOD, NJ 07631

Article 3, the Registered Office is amended to the following:

177 N DEAN STREET
SUITE 303
ENGLEWOOD, NJ 07631

Article 6, the Members are amended to the following:

RUSLAN GLADKOVITSER, MANAGING MEMBER
177 N DEAN STREET
SUITE 303
ENGLEWOOD, NJ 07631

59. Robinzon is a founding member of ARES.

1. **Name:**
   ARES MEDICAL SUPPLIES LLC
2. **Registered Agent:**
   ARES MEDICAL SUPPLIES LLC
3. **Registered Office:**
   177 NORTH DEAN STREET
   SUITE 303
   ENGELWOOD, NEW JERSEY 07631
4. **Business Purpose:**
   ANY LAWFUL PURPOSE
5. **Effective Date of this Filing is:**
   02/02/2016
6. **Members/Managers:**
   JAY ROBINZON
   574 NEWBRIDGE RD
   TEANECK, NEW JERSEY 07666

60. ARES shares the phone number (718) 434-7444 with Advanced Recovery.

NYC Consumer and Worker Protection

The New York City Department of Consumer Affairs
LICENSING CENTER
42 Broadway
New York, NY 10004
Renewal Unit Telephone: +1 212 487 4060
nyc.gov/dcwp

**RENEWAL LICENSE APPLICATION**
Dealer In Products

**PART 1: CONTACT INFORMATION**

***Mailing Address:***
ARES MEDICAL SUPPLIES LLC
897 MCBRIDE AVE
WOODLAND PARK, NJ 07424-2746

**Print Date:** December 15, 2022

***Premises Address:***
897 MCBRIDE AVE
WOODLAND PARK, NJ 07424-2746

**Fee:** $200.00 **Item Count:**
**Record ID:** 2101629-DCA
**PIN:**325796361
**Email:** daniel@norensberg.com

**License Number:** 2101629-DCA
**License Expiration:** 03/15/2023
**Telephone Number:** 7184347444

**What is your Business's legal structure?**
☐ Business/General Partnership
☐ Corporation
☐ Limited Liability Company
☐ Limited Liability Partnership
☐ Limited Partnership
☐ Non-profit
☐ S-Corporation
☐ Sole Proprietorship

If your Business's legal structure is Sole Proprietorship, Business/General Partnership, or Limited Partnership, complete **PARTS 2**, **3**, **4**, **5**, and **6**.
All other legal structures, complete **PARTS 2**, **3**, and **6**.

**PART 2: CHANGES TO CONTACT INFORMATION**

61. Advanced Recovery shares resources with ARES.

62. Advanced Recovery fills prescriptions on behalf of ARES.

63. Advanced Recovery shares an e-mail with ARES: bpo@advancedres.net, which evidences the unlawful referral relationship with Brooklyn Premier Orthopedics.

64. ARES participated in this scheme by (a) purporting to dispense medically unnecessary DME to Liberty Mutual Claimants, including during periods of time when it did not possess the requisite licensure, and (b) submitting claims for No-Fault reimbursement to Liberty Mutual for this DME that was excessively charged and dispensed pursuant to unlawful referrals.

65. ARES was not lawfully entitled to collect No-Fault payments.

## II. JURISDICTION AND VENUE

66. Subject matter jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1331 and 1332.

67. Supplemental jurisdiction over the plaintiffs' state law claims is proper pursuant to 28 U.S.C. § 1367.

68. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) whereas the vast majority of acts known to Liberty Mutual alleged herein were carried out within the Eastern District of New York.

69. Advanced Recovery conducted business in the State of New York by submitting bills for dispensing DME through a facility located in Kings County.

70. Advanced Recovery also conducted business in the State of New York by submitting bills for DME that was purportedly dispensed to patients who lived in New York or who were covered by New York automobile insurance policies.

71. ARES also conducted business in the State of New York by submitting bills for DME that was purportedly dispensed to patients who lived in New York or who were covered by New York automobile insurance policies.

72. The Defendants have therefore engaged in purposeful activities in New York by conducting business in New York.

73. The Defendants have also engaged in purposeful activities in New York by causing the DME Entity Defendants to initiate arbitration proceedings in New York against Liberty Mutual.

74. The Defendants' activities in and contact with New York were purposely sought and transacted to take advantage of the benefits available under the No-Fault laws.

75. The allegations and causes of action asserted herein arise from the Defendants'

conduct within the State of New York, and their purposeful availment of New York's No-Fault insurance system, and therefore there is no question that there exists a substantial relationship between the transactions at issue, and Liberty Mutual's causes of action.

76. Overall, the fraudulent scheme alleged herein has many ties to the State of New York, and the ends of justice are best served through this Court's exercise of jurisdiction over the Defendants.

## III. APPLICABLE NO-FAULT LAWS AND LICENSING STATUTES

### A. NEW YORK'S NO-FAULT LAWS AND REGULATIONS

77. Liberty Mutual underwrites automobile insurance in the State of New York.

78. New York's No-Fault laws are designed to ensure that injured victims of motor vehicle accidents have an efficient mechanism to pay reasonable fees for necessary healthcare services.

79. Under New York's Comprehensive Motor Vehicle Insurance Reparations Act (N.Y. Ins. Law § 5101, *et seq*.), and the regulations promulgated pursuant thereto (11 N.Y.C.R.R. § 65, *et seq*.) (collectively, "the No-Fault laws"), automobile insurers are required to provide Personal Injury Protection Benefits (hereinafter, "No-Fault benefits") to Liberty Mutual Claimants.

80. Under New York No-Fault law, individuals are entitled to be compensated for "basic economic loss" resulting from injuries caused by the operation of a motor vehicle.

81. "Basic economic loss" is defined to include "all necessary expenses" for medical services. N.Y. Ins. Law § 5102(a)(1); 11 N.Y.C.R.R. § 65-1.1.

82. No-Fault benefits include up to $50,000.00 per Liberty Mutual Claimant for reasonable expenses that are incurred for necessary healthcare goods and services.

83. A patient can assign their No-Fault benefits to healthcare service providers.

84. Pursuant to a duly executed assignment, a healthcare provider may submit claims directly to an insurance company and receive payment for necessary medical services rendered, using the claim form required by the New York State Department of Financial Services formerly known as the New York State Department of Insurance ("DOI") (known as "Verification of Treatment by Attending Physician or Other Provider of Health Service" or more commonly as an "NF-3").

85. Alternatively, healthcare providers may submit claims to insurance carriers using the Health Insurance Claim Form (known as the "CMS-1500" form and formerly known as the "HCFA-1500" form).

86. The NF-3 and CMS-1500 forms are important documents in the insurance industry. They certify that the provider's request for payment is not materially false, misleading, or fraudulent. 11 N.Y.C.R.R. § 65.3-11(a); N.Y. Ins. Law § 403(d).

87. Pursuant to N.Y. Ins. Law § 403(d), NF-3 and CMS-1500 forms carry the same warning by substance: "Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent act, which is a crime."

88. A healthcare provider or ambulatory surgery center makes a material misrepresentation when it submits an NF-3 or CMS-1500 form that either omits or misrepresents material information about the provider's eligibility to seek or collect payment under New York's No-Fault laws.

89. It is a material misrepresentation to submit NF-3 or CMS-1500 form for DME that: (a) are billed in violation of state and local licensure law; (b) not medically necessary; or (c) are billed at a greater monetary charge than is permitted by the applicable Fee Schedule.

90. Under New York law, a provider of healthcare services is not eligible for No-Fault reimbursement if the provider fails to meet **any** applicable New York state or local licensing requirement necessary to perform such service in New York, **or** if the provider fails to meet **any** licensing requirement necessary to perform the service in any other state in which the service is performed. 11 N.Y.C.R.R. § 65-3.16(a)(12) (emphasis added).

91. Accordingly, if a professional healthcare service provider fails to meet any applicable licensing requirement necessary to perform a service, then the provider is not lawfully entitled to seek or collect No-Fault benefits under New York's No-Fault laws.

92. As alleged herein, the Defendants failed to comply with several laws and regulations when providing healthcare services to claimants during the course of this scheme; therefore, the Defendants are not—and never were—eligible to seek or collect No-Fault benefits from Liberty Mutual.

**B. NEW JERSEY NO-FAULT LAWS AND REGULATIONS**

93. Liberty Mutual underwrites motor vehicle insurance in the State of New Jersey.

94. New Jersey's No-Fault laws are designed to ensure that injured victims of motor vehicle accidents have an efficient mechanism to pay reasonable fees for necessary healthcare services.

95. Under New Jersey's Compulsory Insurance Law (N.J.S.A. 39:6B-1 to 3) and the Automobile Reparation Reform Act (N.J.S.A. 39:6A-1 *et seq.*) (collectively the "No-Fault Laws"), motor vehicle insurers, like Liberty Mutual, are required to provide Personal Injury Protection Benefits ("No-Fault Benefits") to insureds.

96. Under the New Jersey No-Fault Laws, individuals are entitled to be compensated for expenses associated with "***reasonable, necessary, and appropriate***" treatment resulting from injuries caused by the operation of a motor vehicle.

97. These No-Fault benefits include up to $250,000 per person per accident for expenses that are incurred for necessary healthcare goods and services.

98. A claimant may assign his or her No-Fault Benefits to third parties, such as healthcare service providers.

99. Pursuant to a duly executed assignment, a healthcare provider may submit claims directly to an insurance company and receive payment for necessary healthcare services rendered using the Healthcare Financing Administration insurance claim form ("HCFA-1500 form").

### C. New York City DME Licensure Requirements

100. Section 20-426 of the New York City Administrative Code requires licensure of any New York City healthcare providers that dispense DME.

101. Subchapter 25 of Title 20 of the New York City Administrative Code specifically requires DME dealers (including any business that involves selling, renting, fitting, repairing or adjusting DME) to obtain a Dealer in Products for the Disabled License from the commissioner of the New York City Department of Consumer and Worker Protection (hereinafter referred to as a "DCWP License").

102. A DCWP License is required for all New York City DME dealers to lawfully provide DME to the disabled.[2]

103. Section 20-426 of the New York City Administrative Code provides that it is "unlawful for any dealer to engage in the selling, renting, repairing, or servicing of, or making adjustments to, products for the disabled without a license."

[2] '"Disabled' means a person who has a physical or mental impairment resulting from anatomical or physiological conditions which prevent the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques." NYC Admin. Code § 20-425.

104. To obtain a DCWP license, a dealer must submit an application to Commissioner of the Department of Consumer and Worker Protection that includes the identity of the applicant, the address of the DME dealer and other pertinent information concerning its officers and directors.

105. The application contains the following false statement warning:

**PENALTY FOR FALSE STATEMENTS:**

It is against the law to make a statement in this Application that you know is false. If you make a statement that you know is false, you may be punished.

Under Sections 210.45 and 175.30 of the New York Penal Law, you may be:

- fined up to $1000 and / or
- sent to jail for up to one year

Under Section 175.35 of the New York Penal Law, you may be punished if you:

- make a statement that you know is false and / or
- make the statement because you intend to mislead the Department of Consumer Affairs

Under Section 175.35 of the New York Penal Law, you may be:

- fined up to $5000 or
- fined an amount that is twice the amount of money you received by making the false statement and / or
- sent to jail for up to 4 years

The Department of Consumer Affairs may also punish you for making a false statement on this Application. These punishments may include:

- fines or penalties of up to $500 for each false statement
- permanent loss (revocation) of your license

## D. NEW YORK WORKERS' COMPENSATION FEE SCHEDULE

106. In terms of the fees charged by healthcare providers, the New York Workers' Compensation Board has established a schedule of fees known commonly as the "Workers' Compensation Fee Schedule" ("NY Fee Schedule").

107. The NY Fee Schedule is used by healthcare providers and insurers to determine the level of reimbursement payable on legitimate claims.

108. The purpose of the NY Fee Schedule is to: (a) provide comprehensive billing guidelines to allow healthcare providers to appropriately describe their services and minimize disputes over reimbursement through the establishment of maximum permissible fees that can be ***charged*** for services included in the Fee Schedule; and (b) set limits on charges that can be

advanced by healthcare service providers to protect claimants from having their medical benefit limits artificially eroded by excessive fees.

109. Under Insurance Law § 5102(a)(1), the term "basic economic loss" covers "all necessary expenses incurred for…medical, hospital…, surgical…[and] any other professional health services."

110. In determining basic economic loss, the expenses incurred under Insurance Law § 5102(a)(1) "shall be in accordance with the limitations" of Insurance Law § 5108.

111. Pursuant to Insurance Law § 5108(b), the Superintendent of Insurance "shall promulgate rules and regulations implementing and coordinating the provisions of [the No-Fault laws] and the workers' compensation law with respect to the charges for the professional health services specified" in Insurance Law § 5102(a)(1), "including the establishment of schedules for all such services for which schedules have not been prepared and established by the chairman of the workers' compensation board."

112. Insurance Law § 5108(a) also provides that the "charges for services specified in" Insurance Law § 5102(a)(1) "shall not exceed the charges permissible under the schedule prepared and established by the chairman of the workers' compensation board." *See also* 11 N.Y.C.R.R. § 65-3.16(a)(1) ("Payment for medical expenses shall be in accordance with fee schedules promulgated under section 5108 of the Insurance Law…").

113. Under 11 N.Y.C.R.R. § 68.6, titled "Health services performed outside New York State," the amounts reimbursable under New York's No-Fault law are limited based upon, among other things, the residence of the eligible injured person.

114. The amendments to section 68.6, effective January 23, 2018, were intended to "address[] the ongoing exploitation of New York's no-fault system by out-of-state providers who, taking advantage of current provisions in the regulation, submit grossly inflated bills for services

rendered, thus quickly depleting the $50,000 no-fault coverage limit available to an eligible injured party ("EIP")." *See* Assessment of public comments for the Thirty-Third Amendment to 11 N.Y.C.R.R. 68 (Insurance Regulation 83).

115. The amended version of 11 N.Y.C.R.R. § 68.6 states, in pertinent part, that "if a professional health service reimbursable under Insurance Law section 5102(a)(1) is performed outside [the State of New York] with respect to an eligible injured person that is a resident of [the State of New York,] the amount that the insurer shall reimburse for the service shall be the *lower* of:

a. the amount of the fee set forth in the region of [the State of New York] that has the highest applicable amount in the fee schedule for that service;

b. the amount charged by the provider; and

c. the prevailing fee in the geographic location of the provider." 11 N.Y.C.R.R. § 68.6(b) (emphasis added).

### E. NEW JERSEY WORKERS COMPENSATION FEE SCHEDULE

116. As in New York, New Jersey has established a fee schedule (i.e., "NJ Fee Schedule") to govern the charges submitted by healthcare providers under New Jersey's No-Fault laws.

117. Under New Jersey law, healthcare providers are prohibited from submitting charges that exceed the amounts set forth in the NJ Fee Schedule.

### F. NEW YORK LAW REGARDING SELF-REFERRALS

118. The Public Health Laws prohibit certain financial arrangements between health care providers to protect against potential abuse, particularly in circumstances in which referrals may be driven by profit rather than by medical necessity or patient care. *See* N.Y. Pub. Health L.

§ 238-a(5)(b)(vii); *see also Cambridge Med., P.C. v. Allstate Ins. Co.*, 899 F. Supp. 2d 227, 232 (E.D.N.Y. 2012)

119. Where a referral is made in violation of the Public Health Laws, "neither the referring provider nor the provider of the service are entitled to payment from a third-party insurer." *Cambridge Med.*, 899 F. Supp. at 232.

120. When a healthcare provider refers a patient to another provider or facility inwhich the referring provider, or their immediate family member, has a financial relationship, such a referral creates the risk of unnecessary services because the provider's own financial motivations might be placed ahead of the actual needs of the patient, thereby raising healthcare costs and subjecting patients to unnecessary care.

121. To control the risks posed by such self-referrals, New York Public Health Law § 238-a prohibits certain healthcare service providers from referring patients to another healthcare service provider (or to an immediate family member of the provider) for certain services where a financial relationship exists between the providers.

122. Siblings are expressly included in the statute's definition of "immediate family member." *See* N.Y. Pub. Health Law § 238(8); 10 N.Y.C.R.R. § 34-1.2(h).

123. "Financial relationship" is defined by the statute as "an ownership interest, investment interest, or compensation arrangement." *See* N.Y. Pub. Health Law § 238(3); 10 N.Y.C.R.R. § 34-1.2(c); *see also* N.Y. Pub. Health Law § 238-a(3) (defining ownership interest or investment interest).

124. New York Public Health Law § 238-d pertains to practitioner disclosure requirements for certain referrals that are not prohibited by, or subject to an exception under, section 238-a. *See also* 10 N.Y.C.R.R. § 34-1.5(a).

125. Section 238-d(1)(a) prohibits a practitioner from making "a referral to a health care

provider for the furnishing of any health or health related items or services where such practitioner or immediate family member of such practitioner has…an ownership or investment interest…with such health care provider" without disclosing the financial relationship to the patient. *See also* 10 N.Y.C.R.R. § 34-1.5(a)(1).

126. Section 238-d(2) requires that the disclosure "provide notice of any such financial relationship and shall also inform the patient of his or her right to utilize a specifically identified alternative health care provider if any such alternative is reasonably available." *See also* 10 N.Y.C.R.R. § 34-1.5(b).

127. The applicable regulations prescribe the form that the disclosure must take and also require that the disclosure "be posted prominently in the practitioner's office." *See* 10 N.Y.C.R.R. § 34-1.5(b); 10 N.Y.C.R.R. § 34-1.6.

128. Accordingly, if a referral is subject to section 238-d and the disclosure requirement is not met, then the provider has failed to comply with applicable licensing regulations and is therefore ineligible to collect No-Fault payments.

### G. NEW JERSEY LAW REGARDING SELF-REFERRALS

129. The Defendants' scheme also implicates New Jersey law because some of the services were provided by the Defendants in New Jersey.

130. Under N.J.S.A. 45:9-22.5 (i.e., the "New Jersey Codey Law"), physicians are generally prohibited *from referring, or directing an employee to refer*, a patient to a healthcare provider in which the physician (or an immediate family member) has a significant beneficial interest. *Prudential Prop. and Cas. Ins. Co. of N.J. v. Nardone*, 752 A.2d 859, 863 (N.J. Super. Ct. Law Div. 2000) ("New Jersey statutory law and administrative regulations unequivocally prohibit health care providers from referring patients to a health care service in which the practitioner or his immediate family has a significant beneficial interest.").

131. "With regard to durable medical equipment, a physician having a significant beneficial interest…who prescribes and refers a patient to a source for said product, shall provide the personal notice copy to a patient in any setting, including the practitioner's office and prior to the time of patient discharge from a hospital, nursing home or free standing health facility (for example, urgent care offices or ambulatory surgery centers)." N.J.A.C. 13:35-6.17(b)(2).

132. Moreover, "a licensee who refers a patient to a health care service (such as…a provider of durable medical equipment…) shall not accept from nor give to the health care service a fee directly or indirectly in connection with the referral, whether denominated as a referral or prescription fee or consulting or supervision fee or space leasing in which to render the services (other than as permitted in (h) below), or by any other name, whether or not the licensee has a financial interest." N.J.A.C. 13:35-6.17(c)(1); *see* N.J.A.C. 13:35-6.17(c)(1)(ii) (explaining that the "section shall be construed broadly to effectuate its remedial intent.").

## IV. FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

### A. GENERAL OVERVIEW OF DEFENDANTS' SCHEME TO DEFRAUD

133. The Defendants' scheme was designed to siphon their patients' No-Fault benefits by billing for (1) unlicensed services; (2) services based on improper patient referrals; and (3) the provision of medically unnecessary DME that were charged to Liberty Mutual at grossly inflated rates.

134. The Defendants' billing damaged Liberty Mutual by causing the payment of No-Fault benefits for the fraudulent services.

135. The Defendants used Advanced Recovery and ARES to exploit their patients' No-Fault benefits by billing for unlicensed, medically unnecessary and expensive DME, which included CPMs and CTUs prescribed by one of the referring providers.

136. Patients were billed for expensive CPM and CTU rentals even though the patients

did not need them, which generated business for the DME Entity Defendants.

137. The Defendants were never eligible to collect No-Fault payments from Liberty Mutual because of this fraudulent conduct.

### B. DME ENTITY DEFENDANTS' EFFORT TO OBFUSCATE OWNERSHIP

138. ARES and Advanced Recovery have made a deliberate effort to hide their true ownership and disrupt Liberty Mutual's lawful attempt to investigate the scheme to defraud.

139. Notably, on March 12, 2024, Liberty Mutual conducted the provider examination under oath of ARES.

140. Despite the fact that ARES is owned and operated by D. Horowitz, Gladkovitser, and Robinzon, Marc Goldberg (office manager) ("Goldberg") appeared on behalf of ARES.

141. Goldberg testified that ARES was owned by Gladkovitser.

142. A true and accurate copy of the relevant portion of the transcript is contained below:

```
Q    Besides Ruslan Gladkovitser,
forgive me for the pronunciation, are
there any other owners of ARES Medical
Supplies?
A    No.
```

```
Q    Are there any shareholders in
the company?
A    No.
```

143. Goldberg testified that Gladkovitser also owned Advanced Recovery.

144. A true and accurate copy of the relevant portion of the transcript is contained below:

Q Do you know if Ruslan owns any other GME companies?
A Yes.
Q How many?
A One.
Q Do you know the name of it?
A Advanced Recovery Equipment and Supplies.

145. Notably, Goldberg had no knowledge about the formation of ARES.

146. A true and accurate copy of the relevant portion of the transcript is contained below:

Q I can continue my line of questioning, but I'm going to need someone with knowledge about this information. Do you have any of the knowledge of the opening of the company?
A No.

147. Goldberg denied that D. Horowitz ever worked for ARES.

148. A true and accurate copy of the relevant portion of the transcript is contained below:

Q Are you familiar with Daniel Horowitz? Let me spell it, H-O-R-O-W-I-T-Z.
A Yes.
Q And who is that?
A He works at Advanced Recovery.
Q Does Mr. Horowitz ever work for ARES?
A No.

149. Goldberg, on behalf of ARES, misrepresented the ownership of Advanced Recovery and ARES during the examination under oath.

**C. <u>Unlicensed Provision of DME by Advanced Recovery</u>**

150. Advanced Recovery and ARES did not possess the necessary DME licensure (during portions of the relevant time period) required to bill No-Fault insurers, including Liberty Mutual.

151. New York City's Administrative Code requires that DME/OD suppliers obtain DCWP Licensure. *See* NYC Admin. Code § 20-425; 6 RCNY § 2-271.

152. A DME supplier that does not possess the DCWP Licensure is not lawfully permitted to provide supplies to patients located in New York City.

153. Despite registering as a foreign corporation in New York on September 20, 2021, ARES was not licensed by the DCWP to do business in New York until February 23, 2023 and admittedly has done business in New York without being licensed.

154. ARES and Advanced Recovery were used interchangeably to skirt the licensing requirements.

155. Liberty Mutual was induced to pay ARES for unlicensed services rendered from September 20, 2021 through February 23, 2023.

156. Below is a representative sample of the unlawful claims submitted to Liberty Mutual by ARES:

| Payment Date | Claim Number | Claimant Initials | Payee | Payor | DOS | Check Number | Payment Amount |
|---|---|---|---|---|---|---|---|
| 11/6/2021 | 045174379 | J.B. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 10/10/2021 | 54208140 | $233.00 |
| 11/6/2021 | 045174379 | J.B. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 10/15/2021 | 54208141 | $3,300.00 |
| 11/11/2021 | 045687657 | C.F. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 10/12/2021 | 54241368 | $372.50 |
| 11/17/2021 | 026800217 | M.G. | ARES MEDICAL SUPPLIES LLC | Liberty Insurance Corporation | 10/7/2021 | 54289775 | $965.00 |
| 11/30/2021 | 046840396 | A.G. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 11/2/2021 | 54373138 | $12.00 |
| 12/2/2021 | 044710198 | N.G. | ARES MEDICAL SUPPLIES LLC | Liberty Mutual Fire Insurance Company | 10/27/2021 | 54394594 | $233.00 |
| 12/3/2021 | 044710198 | N.G. | ARES MEDICAL SUPPLIES LLC | Liberty Mutual Fire Insurance Company | 11/3/2021 | 54406192 | $3,300.00 |
| 12/23/2021 | 046686408 | H.W. | ARES MEDICAL SUPPLIES LLC | American States Insurance Company | 12/7/2021 | 54566301 | $233.00 |
| 12/24/2021 | 045625249 | G.C. | ARES MEDICAL SUPPLIES LLC | LM Insurance Corporation | 11/8/2021 | 54577844 | $12.00 |
| 1/5/2022 | 041743474 | C.K. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 11/21/2021 | 54636321 | $233.00 |
| 1/5/2022 | 045550970 | O.P. | ARES MEDICAL SUPPLIES LLC | Liberty Mutual Personal Insurance Company | 11/22/2021 | 54636322 | $233.00 |

| Payment Date | Claim Number | Claimant Initials | Payee | Payor | DOS | Check Number | Payment Amount |
|---|---|---|---|---|---|---|---|
| 1/7/2022 | 041743474 | C.K. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 12/1/2021 | 54656685 | $3,300.00 |
| 2/2/2022 | 047034529 | C.G. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 1/11/2022 | 54856678 | $233.00 |
| 2/5/2022 | 046598462 | S.R. | ARES MEDICAL SUPPLIES LLC | American States Insurance Company | 1/7/2022 | 54888065 | $233.00 |
| 2/10/2022 | 044614837 | L.R. | ARES MEDICAL SUPPLIES LLC | American States Insurance Company | 11/29/2021 | 54924024 | $5.87 |
| 2/10/2022 | 044614837 | L.R. | ARES MEDICAL SUPPLIES LLC | American States Insurance Company | 11/29/2021 | 54924025 | $209.70 |
| 2/12/2022 | 045086301 | M.W. | ARES MEDICAL SUPPLIES LLC | Wausau Underwriters Insurance Company | 9/26/2021 | 54945441 | $2,805.00 |
| 2/26/2022 | 046598462 | D.A. | ARES MEDICAL SUPPLIES LLC | American States Insurance Company | 1/27/2022 | 55062160 | $233.00 |
| 3/1/2022 | 047610346 | V.S. | ARES MEDICAL SUPPLIES LLC | American States Insurance Company | 2/1/2022 | 55074378 | $12.00 |
| 3/17/2022 | 046598462 | E.S. | ARES MEDICAL SUPPLIES LLC | American States Insurance Company | 2/17/2022 | 55211679 | $233.00 |
| 3/24/2022 | 045738203 | B.P. | ARES MEDICAL SUPPLIES LLC | American States Insurance Company | 12/14/2021 | 55260387 | $84.05 |
| 3/24/2022 | 045738203 | B.P. | ARES MEDICAL SUPPLIES LLC | American States Insurance Company | 12/14/2021 | 55260388 | $3,407.35 |
| 3/30/2022 | 047817751 | N.P. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 3/8/2022 | 55306573 | $111.07 |
| 4/6/2022 | 047034529 | N.G. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 2/26/2022 | 55363143 | $233.00 |

| Payment Date | Claim Number | Claimant Initials | Payee | Payor | DOS | Check Number | Payment Amount |
|---|---|---|---|---|---|---|---|
| 4/23/2022 | 043625336 | U.H. | ARES MEDICAL SUPPLIES LLC | LM Insurance Corporation | 1/21/2022 | 55506585 | $4.33 |
| 4/23/2022 | 043625336 | U.H. | ARES MEDICAL SUPPLIES LLC | LM Insurance Corporation | 1/21/2022 | 55506586 | $209.70 |
| 4/27/2022 | 047232148 | R.P. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 4/8/2022 | 55528974 | $233.00 |
| 4/29/2022 | 045837966 | V.S. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 4/3/2022 | 55549410 | $233.00 |
| 4/30/2022 | 047034529 | N.G. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 4/8/2022 | 55560074 | $3,135.00 |
| 5/11/2022 | 047232148 | R.P. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 4/14/2022 | 55636176 | $3,135.00 |
| 5/12/2022 | 047085862 | E.B. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 2/1/2022 | 55646559 | $2.15 |
| 5/12/2022 | 047085862 | E.B. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 2/1/2022 | 55646560 | $95.00 |
| 5/17/2022 | 047034529 | K.G. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 4/4/2022 | 55681530 | $233.00 |
| 6/1/2022 | 047712230 | V.G. | ARES MEDICAL SUPPLIES LLC | American States Insurance Company | 5/11/2022 | 55790191 | $233.00 |
| 6/21/2022 | 048395570 | J.N. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 5/11/2022 | 55958910 | $637.79 |
| 6/21/2022 | 048959416 | J.G. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 6/3/2022 | 55958911 | $233.00 |
| 6/24/2022 | 047712230 | V.G. | ARES MEDICAL SUPPLIES LLC | American States Insurance Company | 5/23/2022 | 55998000 | $3,135.00 |

| Payment Date | Claim Number | Claimant Initials | Payee | Payor | DOS | Check Number | Payment Amount |
|---|---|---|---|---|---|---|---|
| 6/25/2022 | 047500190 | G.S. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 3/16/2022 | 56010548 | $7.53 |
| 6/25/2022 | 047500190 | G.S. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 3/16/2022 | 56010549 | $198.05 |
| 8/16/2022 | 047919010 | Y.U. | ARES MEDICAL SUPPLIES LLC | American States Insurance Company | 6/24/2022 | 56437500 | $233.00 |
| 8/16/2022 | 047919010 | Y.U. | ARES MEDICAL SUPPLIES LLC | American States Insurance Company | 6/29/2022 | 56437501 | $3,135.00 |
| 8/26/2022 | 048596456 | Y.D. | ARES MEDICAL SUPPLIES LLC | American States Insurance Company | 7/25/2022 | 56534113 | $233.00 |
| 10/8/2022 | 046831938 | A.F. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 8/17/2022 | 56893774 | $3,135.00 |
| 10/11/2022 | 049002521 | M.A. | ARES MEDICAL SUPPLIES LLC | Liberty Mutual Fire Insurance Company | 9/13/2022 | 56905704 | $12.00 |
| 10/15/2022 | 048821399 | C.S. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 10/2/2022 | 56954672 | $233.00 |
| 11/8/2022 | 046889627 | J.P. | ARES MEDICAL SUPPLIES LLC | Liberty Mutual Fire Insurance Company | 9/25/2022 | 57137877 | $233.00 |
| 11/22/2022 | 048828921 | M.G. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 10/25/2022 | 57253652 | $233.00 |
| 11/24/2022 | 046831938 | A.F. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 8/17/2022 | 57277720 | $3.91 |
| 11/29/2022 | 046831938 | A.F. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 8/17/2022 | 57292870 | $209.70 |
| 12/1/2022 | 048828921 | M.G. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 10/25/2022 | 57314757 | $3,135.00 |

| Payment Date | Claim Number | Claimant Initials | Payee | Payor | DOS | Check Number | Payment Amount |
|---|---|---|---|---|---|---|---|
| 12/13/2022 | 049365136 | M.S. | ARES MEDICAL SUPPLIES LLC | American States Insurance Company | 11/16/2022 | 57410917 | $233.00 |
| 2/21/2023 | 049190793 | K.M. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 1/16/2023 | 57980164 | $680.11 |
| 2/25/2023 | 047555813 | R.F. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 11/17/2022 | 58027937 | $233.00 |
| 2/25/2023 | 047555813 | R.F. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 12/9/2022 | 58027938 | $3,135.00 |
| 3/11/2023 | 046889627 | J.P. | ARES MEDICAL SUPPLIES LLC | Liberty Mutual Fire Insurance Company | 10/5/2022 | 58141891 | $65.45 |
| 3/11/2023 | 046889627 | J.P. | ARES MEDICAL SUPPLIES LLC | Liberty Mutual Fire Insurance Company | 10/5/2022 | 58141892 | $2,805.00 |
| 4/15/2023 | 049053472 | C.J. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 7/6/2022 | 58452762 | $6.85 |
| 4/15/2023 | 049053472 | C.J. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 7/6/2022 | 58452763 | $209.70 |
| 4/29/2023 | 049969971 | E.B. | ARES MEDICAL SUPPLIES LLC | Liberty Mutual Fire Insurance Company | 1/10/2023 | 58572157 | $15.46 |
| 4/29/2023 | 049969971 | E.B. | ARES MEDICAL SUPPLIES LLC | Liberty Mutual Fire Insurance Company | 1/10/2023 | 58572158 | $644.31 |
| 5/2/2023 | 047770732 | K.D. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 2/5/2023 | 58585185 | $5.45 |
| 5/2/2023 | 047770732 | K.D. | ARES MEDICAL SUPPLIES LLC | LM General Insurance Company | 2/5/2023 | 58585186 | $209.70 |
| 5/17/2023 | 046925835 | I.M. | ARES MEDICAL SUPPLIES LLC | American States Insurance Company | 11/9/2022 | 58716447 | $114.58 |

| Payment Date | Claim Number | Claimant Initials | Payee | Payor | DOS | Check Number | Payment Amount |
|---|---|---|---|---|---|---|---|
| 5/17/2023 | 046925835 | I.M. | ARES MEDICAL SUPPLIES LLC | American States Insurance Company | 11/9/2022 | 58716448 | $3,507.57 |
| 8/22/2023 | 046598462 | D.A. | ARES MEDICAL SUPPLIES LLC | American States Insurance Company | 10/12/2022 | 59545524 | $729.58 |
| 8/22/2023 | 046598462 | D.A. | ARES MEDICAL SUPPLIES LLC | American States Insurance Company | 10/12/2022 | 59545525 | $4,008.65 |
| | | | | | | **Total:** | **$59,350.11** |

157. Despite being incorporated in New York on March 15, 2011, Advanced Recovery was not licensed by the DCWP to do business in New York until February 25, 2015.

158. Liberty Mutual was induced to pay Advanced Recovery for unlicensed services rendered from March 15, 2011 through February 24, 2015.

159. Below is a representative sample of the unlawful claims submitted to Liberty Mutual by Advanced Recovery:

| Payment Date | Claim Number | Claimant Initials | Payee | Payor | DOS | Check Number | Payment Amount |
|---|---|---|---|---|---|---|---|
| 1/4/2016 | 029886912 | A.O. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 9/17/2014 | 37921528 | $3,000.00 |
| 1/8/2016 | 026680270 | E.H. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 12/9/2015 | 37959343 | $726.06 |
| 1/8/2016 | 026680270 | E.H. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 12/9/2015 | 37959344 | $2,015.00 |
| 1/18/2016 | 030494582 | E.S. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 10/3/2014 | 38018808 | $100.00 |

| Payment Date | Claim Number | Claimant Initials | Payee | Payor | DOS | Check Number | Payment Amount |
|---|---|---|---|---|---|---|---|
| 1/18/2016 | 030559409 | N.M. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 11/21/2014 | 38018809 | $570.39 |
| 1/18/2016 | 030559409 | N.M. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 11/21/2014 | 38018811 | $3,145.50 |
| 1/19/2016 | 020577451 | M.B. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 6/1/2012 | 38029216 | $1,600.00 |
| 1/19/2016 | 027251538 | B.H. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 10/17/2013 | 38023007 | $1,338.75 |
| 1/21/2016 | 026868469 | M.M. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Mid Atlantic Insurance Company | 10/6/2013 | 38047949 | $595.00 |
| 2/3/2016 | 030447213 | C.O. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 1/14/2015 | 38129324 | $232.00 |
| 2/5/2016 | 030567063 | S.L. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Insurance Corporation | 12/30/2014 | 38146515 | $258.61 |
| 2/5/2016 | 030567063 | S.L. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Insurance Corporation | 12/30/2014 | 38146516 | $1,616.33 |
| 2/19/2016 | 026987696 | G.C. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM Insurance Corporation | 8/22/2013 | 38231559 | $588.64 |
| 2/19/2016 | 026987696 | G.C. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM Insurance Corporation | 8/22/2013 | 38231560 | $1,832.50 |
| 2/25/2016 | 028368327 | I.T. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Mid Atlantic Insurance Company | 4/5/2014 | 38269068 | $1,785.00 |

| Payment Date | Claim Number | Claimant Initials | Payee | Payor | DOS | Check Number | Payment Amount |
|---|---|---|---|---|---|---|---|
| 3/7/2016 | 031171709 | H.J. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 1/5/2015 | 38326579 | $450.00 |
| 3/9/2016 | 030447213 | M.B. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 9/8/2014 | 38350815 | $80.00 |
| 3/9/2016 | 030447213 | M.B. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 9/8/2014 | 38350816 | $726.00 |
| 3/21/2016 | 027251538 | B.H. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 10/17/2013 | 38424659 | $595.00 |
| 4/18/2016 | 028587715 | S.K. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM Insurance Corporation | 2/3/2014 | 38616314 | $396.71 |
| 4/18/2016 | 028587715 | S.K. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM Insurance Corporation | 2/3/2014 | 38616315 | $1,104.02 |
| 4/21/2016 | 028368327 | I.T. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Mid Atlantic Insurance Company | 4/5/2014 | 38644264 | $110.34 |
| 4/21/2016 | 028368327 | I.T. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Mid Atlantic Insurance Company | 4/5/2014 | 38644265 | $888.68 |
| 4/26/2016 | 030274946 | O.O. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 1/20/2015 | 38671695 | $714.00 |
| 4/26/2016 | 030274946 | O.O. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 1/20/2015 | 38671696 | $3,750.00 |
| 4/27/2016 | 024611428 | L.B. | ADVANCED RECOVERY EQUIP AND SUP LLC | The First Liberty Insurance Corporation | 6/27/2013 | 38680914 | $398.73 |

| Payment Date | Claim Number | Claimant Initials | Payee | Payor | DOS | Check Number | Payment Amount |
|---|---|---|---|---|---|---|---|
| 4/27/2016 | 024611428 | L.B. | ADVANCED RECOVERY EQUIP AND SUP LLC | The First Liberty Insurance Corporation | 6/27/2013 | 38680915 | $947.50 |
| 5/3/2016 | 030837754 | B.L. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM Insurance Corporation | 1/30/2015 | 38717269 | $575.00 |
| 5/6/2016 | 030194980 | V.M. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 2/23/2015 | 38742033 | $685.64 |
| 5/13/2016 | 030097063 | C.R. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 9/6/2014 | 38788529 | $157.25 |
| 5/13/2016 | 030097063 | C.R. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 9/6/2014 | 38788530 | $3,145.00 |
| 5/26/2016 | 030032704 | G.J. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 10/9/2014 | 38875617 | $261.38 |
| 5/26/2016 | 030032704 | G.J. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 10/9/2014 | 38875619 | $1,045.50 |
| 6/2/2016 | 030920835 | H.A. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 1/13/2015 | 38909600 | $806.64 |
| 6/2/2016 | 031013585 | R.W. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 2/4/2015 | 38913505 | $42.89 |
| 6/2/2016 | 031013585 | R.W. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 2/4/2015 | 38913506 | $855.59 |
| 6/6/2016 | 025898522 | S.D. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 8/12/2014 | 38932578 | $195.75 |

| Payment Date | Claim Number | Claimant Initials | Payee | Payor | DOS | Check Number | Payment Amount |
|---|---|---|---|---|---|---|---|
| 6/6/2016 | 025898522 | S.D. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 8/12/2014 | 38932581 | $806.64 |
| 6/6/2016 | 030042688 | D.N. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 9/25/2014 | 38932577 | $817.68 |
| 6/6/2016 | 030042688 | D.N. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 9/25/2014 | 38932579 | $3,145.50 |
| 6/8/2016 | 030900189 | C.G. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 12/4/2014 | 38951934 | $905.92 |
| 6/8/2016 | 030888512 | N.B. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 12/11/2014 | 38951935 | $905.92 |
| 6/9/2016 | 030097063 | M.S. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 12/12/2015 | 38961325 | $610.23 |
| 6/9/2016 | 030097063 | M.S. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 12/12/2015 | 38961326 | $3,145.50 |
| 7/13/2016 | 028533151 | G.G. | ADVANCED RECOVERY EQUIP AND SUP LLC | The First Liberty Insurance Corporation | 3/24/2014 | 39176298 | $311.69 |
| 7/13/2016 | 028533151 | G.G. | ADVANCED RECOVERY EQUIP AND SUP LLC | The First Liberty Insurance Corporation | 3/24/2014 | 39176299 | $843.92 |
| 7/22/2016 | 028208951 | E.D. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 5/10/2014 | 39243827 | $62.12 |
| 7/22/2016 | 028208951 | E.D. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 5/10/2014 | 39243828 | $690.23 |

| Payment Date | Claim Number | Claimant Initials | Payee | Payor | DOS | Check Number | Payment Amount |
|---|---|---|---|---|---|---|---|
| 8/12/2016 | 031119530 | D.W. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 2/17/2015 | 39386607 | $690.23 |
| 9/15/2016 | 028629081 | Y.J. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 2/13/2014 | 39613924 | $279.70 |
| 9/15/2016 | 028629081 | Y.J. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 2/13/2014 | 39613925 | $1,619.24 |
| 11/1/2016 | 029526021 | N.S. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 10/25/2014 | 39915218 | $1,115.10 |
| 12/2/2016 | 028587715 | S.K. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM Insurance Corporation | 3/1/2014 | 40109663 | $213.51 |
| 12/2/2016 | 028587715 | S.K. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM Insurance Corporation | 3/1/2014 | 40109665 | $793.50 |
| 12/27/2016 | 028533151 | G.G. | ADVANCED RECOVERY EQUIP AND SUP LLC | The First Liberty Insurance Corporation | 3/24/2014 | 40259810 | $323.41 |
| 12/27/2016 | 028533151 | G.G. | ADVANCED RECOVERY EQUIP AND SUP LLC | The First Liberty Insurance Corporation | 3/24/2014 | 40259811 | $1,045.50 |
| 12/29/2016 | 027252933 | L.V. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 8/19/2014 | 40277280 | $1,001.18 |
| 12/30/2016 | 027252933 | L.V. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 8/19/2014 | 40284465 | $311.70 |
| 2/3/2017 | 030998230 | M.G. | ADVANCED RECOVERY EQUIP AND SUP LLC | The First Liberty Insurance Corporation | 1/12/2015 | 40514908 | $516.42 |

| Payment Date | Claim Number | Claimant Initials | Payee | Payor | DOS | Check Number | Payment Amount |
|---|---|---|---|---|---|---|---|
| 3/10/2017 | 030494582 | E.S. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 1/6/2015 | 40745728 | $810.70 |
| 3/10/2017 | 030494582 | E.S. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 1/6/2015 | 40745731 | $2,533.44 |
| 3/13/2017 | 028587715 | S.K. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM Insurance Corporation | 3/1/2014 | 40756350 | $1,891.25 |
| 3/30/2017 | 030771082 | E.S. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 10/23/2014 | 40871700 | $193.59 |
| 3/30/2017 | 030771082 | E.S. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 10/23/2014 | 40871701 | $806.64 |
| 4/11/2017 | 030837754 | B.L. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM Insurance Corporation | 3/18/2015 | 40947066 | $5,119.50 |
| 4/12/2017 | 030837754 | B.L. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM Insurance Corporation | 3/18/2015 | 40956388 | $1,597.29 |
| 4/18/2017 | 030631657 | H.Y. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 1/14/2015 | 40992781 | $620.00 |
| 4/19/2017 | 029683343 | C.Y. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 9/15/2014 | 40993466 | $2,822.57 |
| 4/19/2017 | 029683343 | C.Y. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 9/15/2014 | 40996957 | $5,119.50 |
| 4/19/2017 | 030447213 | C.O. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 9/8/2014 | 41002521 | $806.64 |

| Payment Date | Claim Number | Claimant Initials | Payee | Payor | DOS | Check Number | Payment Amount |
|---|---|---|---|---|---|---|---|
| 4/19/2017 | 030631657 | H.Y. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 1/14/2015 | 41002522 | $5,119.50 |
| 4/20/2017 | 026965130 | C.L. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 6/30/2014 | 41012044 | $888.68 |
| 4/24/2017 | 030447213 | C.O. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 9/8/2014 | 41029969 | $208.11 |
| 4/24/2017 | 031208716 | E.L. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 3/13/2015 | 41029970 | $368.00 |
| 4/24/2017 | 031208716 | E.L. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 3/13/2015 | 41029971 | $1,417.80 |
| 9/19/2017 | 025653507 | S.S. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 1/10/2014 | 41994443 | $342.43 |
| 9/19/2017 | 025653507 | S.S. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 1/10/2014 | 41994444 | $260.00 |
| 9/19/2017 | 025653507 | S.S. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 1/31/2014 | 41994445 | $278.88 |
| 9/20/2017 | 025653507 | S.S. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 1/31/2014 | 42003931 | $366.44 |
| 9/21/2017 | 025653507 | S.S. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 1/10/2014 | 42013278 | $1,551.90 |
| 9/28/2017 | 025653507 | S.S. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 1/10/2014 | 42061964 | $2,048.67 |

| Payment Date | Claim Number | Claimant Initials | Payee | Payor | DOS | Check Number | Payment Amount |
|---|---|---|---|---|---|---|---|
| 12/7/2017 | 029526021 | N.S. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 8/6/2014 | 42520736 | $750.00 |
| 12/7/2017 | 029526021 | N.S. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 8/6/2014 | 42520737 | $3,145.50 |
| 12/8/2017 | 029526021 | N.S. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 7/17/2014 | 42528870 | $750.00 |
| 12/8/2017 | 029526021 | N.S. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 7/17/2014 | 42528871 | $3,145.50 |
| 2/7/2018 | 025262716 | R.D. | ADVANCED RECOVERY EQUIP AND SUP LLC | The First Liberty Insurance Corporation | 8/24/2013 | 42927193 | $1,962.43 |
| 2/7/2018 | 025262716 | R.D. | ADVANCED RECOVERY EQUIP AND SUP LLC | The First Liberty Insurance Corporation | 8/24/2013 | 42927194 | $1,996.28 |
| 3/5/2018 | 031171709 | H.J. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 2/19/2015 | 43099759 | $693.87 |
| 3/5/2018 | 031171709 | H.J. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 2/19/2015 | 43099760 | $2,352.10 |
| 3/8/2018 | 030032704 | G.J. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 10/9/2014 | 43128925 | $100.00 |
| 3/8/2018 | 030032704 | G.J. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 10/9/2014 | 43128926 | $1,267.11 |
| 4/19/2018 | 031018193 | K.G. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 1/22/2015 | 43427598 | $672.21 |

| Payment Date | Claim Number | Claimant Initials | Payee | Payor | DOS | Check Number | Payment Amount |
|---|---|---|---|---|---|---|---|
| 4/19/2018 | 031018193 | K.G. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 1/22/2015 | 43427599 | $2,533.44 |
| 7/24/2018 | 021026102 | R.E. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 6/26/2012 | 44094912 | $300.00 |
| 9/12/2018 | 026965130 | C.L. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 7/28/2014 | 44458656 | $722.40 |
| 9/12/2018 | 026965130 | C.L. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 7/28/2014 | 44458657 | $2,100.00 |
| 9/25/2018 | 025460760 | M.D. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 12/18/2013 | 44558293 | $1,149.41 |
| 9/25/2018 | 025460760 | M.D. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 12/18/2013 | 44558295 | $1,050.00 |
| 9/26/2018 | 027548738 | D.K. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 12/6/2013 | 44569996 | $530.00 |
| 9/26/2018 | 027548738 | D.K. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 12/6/2013 | 44569998 | $2,216.30 |
| 11/9/2018 | 030683376 | C.A. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 10/8/2014 | 44926168 | $243.25 |
| 11/9/2018 | 030683376 | C.A. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 10/8/2014 | 44926169 | $851.00 |
| 2/8/2019 | 027188327 | B.C. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 7/25/2013 | 45695250 | $1,371.88 |

| Payment Date | Claim Number | Claimant Initials | Payee | Payor | DOS | Check Number | Payment Amount |
|---|---|---|---|---|---|---|---|
| 2/8/2019 | 027188327 | B.C. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 7/25/2013 | 45695251 | $1,080.78 |
| 10/16/2019 | 030152989 | O.L. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 10/16/2014 | 48110502 | $2,366.67 |
| 10/16/2019 | 030152989 | O.L. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 10/16/2014 | 48110503 | $3,145.50 |
| 6/29/2020 | 030328369 | E.A. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 12/23/2014 | 50282483 | $939.99 |
| 6/29/2020 | 030328369 | E.A. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 12/23/2014 | 50282484 | $2,359.13 |
| 9/30/2020 | 030825161 | X.W. | ADVANCED RECOVERY EQUIP AND SUP LLC | LM General Insurance Company | 1/9/2015 | 51040623 | $281.75 |
| 3/10/2022 | 027624247 | W.A. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 12/29/2013 | 55158813 | $602.00 |
| 3/3/2023 | 025653507 | S.S. | ADVANCED RECOVERY EQUIP AND SUP LLC | Liberty Mutual Fire Insurance Company | 1/31/2014 | 58082127 | $4,800.54 |
| | | | | | | **Total:** | **$138,140.81** |

160. Accordingly, Advanced Recovery and ARES were unlawfully dispensing DME in New York during the aforementioned time periods and were not eligible to submit No-Fault claims to Liberty Mutual whereas they were in violation of state and local licensure law.

## D. IMPROPER DISCLOSURES IN VIOLATION OF THE LAW

161. NY Public Health Law § 238-a prohibits certain health care service providers from

referring the performance of services such as medical testing and other services to those with whom they have financial relationship. *See* N.Y. Pub. Health L. § 238-a(1)(a).

162. In the event that Section 238-a is violated, ***neither*** the referring provider nor the provider of the service are entitled to payment from a third-party insurer, such as Liberty Mutual. *See* N.Y. Pub. Health L. § 238-a(1)(b).

163. Section 238-d(2) requires that the disclosure "provide notice of any such financial relationship and shall also inform the patient of his or her right to utilize a specifically identified alternative health care provider if any such alternative is reasonably available."

164. If a referral is subject to section 238-d and the disclosure requirement is not met, then the provider has failed to comply with applicable licensing regulations and is therefore ineligible to collect No-Fault payments.

165. Like New York, New Jersey places restrictions on self-referrals. Pursuant to N.J.S.A. 45:9-22.5 (i.e., the "New Jersey Codey Law"), physicians are generally prohibited from referring, or directing an employee to refer, a patient to a healthcare provider in which the physician (or an immediate family member) has a significant beneficial interest.

166. If written disclosure of the referring physician's ownership interest is not provided to the patient at (or before) the time that the referral is made, then the referral violates the New Jersey Codey Law and is thus unlawful.

167. D. Horowitz is the brother of Steven Horowitz, M.D., who is an owner of Brooklyn Premier, FJ Ortho, CMD, and Bergenfield, all of which made unlawful referrals for DME purportedly dispensed to Liberty Mutual Claimants by Advanced Recovery and ARES.

168. Robinzon is the brother-in-law to both Steven Horowitz, M.D. and Jonathan Lewin, M.D., who own Brooklyn Premier, FJ Ortho, CMD, and Bergenfield, all of which made unlawful referrals for DME purportedly dispensed to Liberty Mutual Claimants by Advanced Recovery and

ARES.

169. Upon information and belief, Jonathan Lewin, M.D. is married to Sherry Lewin, who is the sister of Robinzon, who owns and/or operates Advanced Recovery and ARES.

170. Upon information and belief, Steven Horowitz, M.D.'s sister, Rachel Horowitz, is married to Robinzon, who owns and/or operates Advanced Recovery and ARES.

171. Robinzon is the CEO at CMD.

172. Robinzon is also the practice manager at Brooklyn Premier.

173. ARES' offices are located in the same building as CMD at 177 North Dean Street in Englewood, New Jersey.

174. Advanced Recovery and ARES also are associated with 1414 Newkirk Avenue in Brooklyn, New York, which is the registered location of Brooklyn Premier and FJ Ortho.

175. In many claims submitted to Liberty Mutual, the Defendants failed to disclose the financial and/or familial relationships thus rendering the DME dispensed pursuant to unlawful referrals fraudulent.

### E. UNLAWFUL PROVISION OF UNNECESSARY MEDICAL SERVICES

176. Liberty Mutual claimants were ordered to undergo unnecessary surgeries, injections, and other treatments.

177. Eligible patients can collect No-Fault payments to cover their "basic economic loss," which includes lost wages and ***necessary*** medical expenses up to $50,000.00. *See* N.Y. Ins. Law § 5102.

178. As assignees of the patients, the Defendants are only entitled to collect No-Fault payments for services that are medically necessary and related to an automobile accident.

179. The American Medical Association defines medical necessity as: "Healthcare services or products that a prudent physician would provide to a patient for the purpose of

preventing, diagnosing or treating an illness, injury, disease, or symptoms in a manner that is (a) in accordance, with generally accepted standards of medical practice; (b) clinically appropriate in terms of type, frequency, extent, site, and duration; and (c) not primarily for the economic benefit of the health plans and purchasers or for the convenience of the patient, treating physician, or other health care provider" (Institute of Medicine, Committee on Defining and Revising an Essential Health Benefits Package for Qualified Health Plans (2011)).

180. Providers are ineligible to collect No-Fault payments for medically unnecessary services.

181. Liberty Mutual claimants were dispensed unnecessary DME.

**1. <u>Medically Unnecessary DME</u>**

182. Following surgeries at Bergenfield, the Defendants billed for medically unnecessary DME.

183. Advanced Recovery and ARES submitted identical documentation to Liberty Mutual when billing CPMs and CTUs.

184. The CPMs and CTUs were owned by Defendants' DME companies—Advanced Recovery and ARES—and "rented" to the Liberty Mutual claimants.

185. Advanced Recovery's and ARES' charges for these CPMs and CTUs were false because the devices were not medically necessary.

186. Advanced Recovery and ARES state that CPM "is a form of passive motion using specialized machinery that acts to move [the] joint."

187. Advanced Recovery and ARES further state that a CTU "is a device used to lower body tissue temperature."

188. The Defendants' representations about the necessity and effectiveness of the CPM and CTU devices are false because the effectiveness of such devices in recovery from minor

arthroscopic surgeries has never been proven.

189. CPM devices have no proven efficacy.

190. There is no evidence that CPM devices are any more useful than standard post-operative physical therapy.

191. Even when CPM devices are clinically warranted for recovery from surgery (e.g., total knee replacement), the use of the device is only necessary for three (3) weeks.

192. Liberty Mutual claimants were ordered to use the CPM devices for excessive periods of four (4) to six (6) weeks following the surgeries.

193. None of the billing for CPM devices was compensable, including the representative Liberty Mutual claimants contained below:

| Patient | Claim No. | Type of Surgery | Date | No. of days | Prescription | Total Charge |
|---|---|---|---|---|---|---|
| K.V. | 043258567 | Shoulder Arthroscopy | 1/20/21-02/16/21 | 34 | CPM Device | $2,380.00 |
| K.V. | 043258567 | Shoulder Arthroscopy | 2/17/21-02/25/21 | 8 | CPM Device | $765.00 |
| A.W. | 043998633 | Shoulder Arthroscopy | 08/12/21-09/08/21 | 27 | CPM Device | $2,380.00 |
| A.W. | 043998633 | Shoulder Arthroscopy | 09/09/21-09/22/21 | 13 | CPM Device | $1,190.00 |
| G.C. | 045265249 | Left Knee | 11/09/21-12/06/21 | 27 | CPM Device | $2,100.00 |
| L.W. | 046827246 | Shoulder Arthroscopy | 01/19/22-02/15/22 | 27 | CPM Device | $2,380.00 |
| L.W. | 046827246 | Shoulder Arthroscopy | 02/16/22-03-01/22 | 13 | CPM Device | $1,190.00 |
| D.Y. | 048940619 | Shoulder Arthroscopy | 04/30/23-05/27/23 | 27 | CPM Device | $873.32 |
| D.Y. | 048940619 | Shoulder Arthroscopy | 05/28/23-06/07/23 | 10 | CPM Device | $343.09 |
| M.A. | 049002521 | Shoulder Arthroscopy | 09/18/22-10/15/22 | 27 | CPM Device | $528.64 |
| T.C. | 050257905 | Shoulder Arthroscopy | 01/15/23-02/11/23 | 27 | CPM Device | $873.32 |
| T.C. | 050257905 | Shoulder Arthroscopy | 02/12/23-02/25/23 | 13 | CPM Device | $436.66 |

194. The CTU devices were also unnecessary.

195. The excessive DME orders enabled Advanced Recovery and ARES to bill for rental periods ranging from twenty-eight (28) to forty-two (42) days.

196. Advanced Recovery and ARES owned the CPMs and CTUs and rented the devices to patients pursuant to a "Patient Rental Sales Agreement."

197. Under New York's No-Fault laws, this arrangement allowed Advanced Recovery and ARES to bill Liberty Mutual for each day device was rented.

198. When Advanced Recovery and ARES filled these prescriptions for CTU devices, they charged Liberty Mutual $36.00 per day for each device totaling a charge of $1,008.00 for a twenty- eight (28) day rental.

199. Instead of these expensive devices, the referring providers' patients could have received the same or better results by using regular ice packs, which are available at a fraction of the price charged to Liberty Mutual by Advanced Recovery and ARES for the CTU devices.

200. None of the billing for CTU devices was compensable, including the representative Liberty Mutual claimants contained below:

| Patient | Claim No. | Type of Surgery | Date | No. of days | Prescription | Total Charge |
|---|---|---|---|---|---|---|
| K.V. | 043258567 | Shoulder Arthroscopy | 01/20/21-02/16/21 | 27 | CTU | $1,045.50 |
| K.V. | 043258567 | Shoulder Arthroscopy | 02/17/21-02/25/21 | 8 | CTU | $324.00 |
| A.W. | 043998633 | Shoulder Arthroscopy | 08/12/21-09/08/21 | 27 | CTU | $1,045.50 |
| A.W. | 043998633 | Shoulder Arthroscopy | 09/09/21-09/22/21 | 13 | CTU | $504.00 |
| G.C. | 045265249 | Left Knee | 11/09/21-12/06/21 | 27 | CTU | $1,045.50 |
| L.W. | 046827246 | Shoulder Arthroscopy | 01/19/22-02/15/22 | 27 | CTU | $1,045.50 |
| L.W. | 046827246 | Shoulder Arthroscopy | 02/16/22-03/01/22 | 13 | CTU | $504.00 |
| D.Y. | 048940619 | Shoulder | 04/30/23 | NA | CTU | $325.08 |

| Patient | Claim No. | Type of Surgery | Date | No. of days | Prescription | Total Charge |
|---|---|---|---|---|---|---|
| | | Arthroscopy | | | | |
| A.M. | 049002521 | Shoulder Arthroscopy | 09/18/22 | NA | CTU | $325.08 |
| T.C. | 050257905 | Shoulder Arthroscopy | 01/15/23 | NA | CTU | $325.08 |

201. The CPMs and CTUs dispensed to Liberty Mutual claimants by Advanced Recovery and ARES were not medically necessary.

202. Advanced Recovery and ARES are not eligible for reimbursement for the CPMs and CTUs dispensed to Liberty Mutual claimants.

203. The unnecessary DME prescriptions served only to create an unlawful source of business for Steven Horowitz's brother, D. Horowitz, as well as the Horowitz's and Jonathan Lewin's brother-in-law, Robinzon.

204. Advanced Recovery and ARES falsely billed for unnecessary CPMs and CTUs; therefore, they are not eligible to seek or collect payment for any of these devices.

**F. FRAUDULENT BILLING**

205. The Defendants billed Liberty Mutual using Current Procedural Terminology ("CPT") codes.

206. CPT codes are published annually by the American Medical Association ("AMA") to facilitate the efficient processing of medical charges by insurance carriers and other private and governmental healthcare payors.

207. Reimbursement for medical services is directly proportionate to the level of the CPT code billed (i.e., the higher the level of CPT code billed, the greater the amount of reimbursement).

208. The Defendants' bills were fraudulent because they were excessive, and because

they misrepresented the services actually provided (if at all).

209. Advanced Recovery and ARES routinely billed Liberty Mutual under Healthcare Common Procedure Coding System (HCPCS) codes E0935 for CPM devices for the knee only, E0936 for CPM devices for use other than the knee, and E0218 for the CTU.

210. Advanced Recovery and ARES own the CPMs and CTUs.

211. Advanced Recovery and ARES billed for CPMs and CTUs rented to patients.

212. Advanced Recovery and ARES charged Liberty Mutual a daily rate for the rental of the CPMs and CTUs.

213. Advanced Recovery and ARES billed Liberty Mutual a rental rate of $75 per day for knee CPMs (CPT code E0935).

214. Because knee CPMs were ordered for either twenty-eight (28) or forty-two (42) days, Advanced Recovery and ARES were able to bill Liberty Mutual $2,100 or $3,150 for the rental of each device.

215. Indeed, the amounts that Advanced Recovery and ARES billed Liberty Mutual for the rental of knee CPMs are grossly excessive when compared to commercially-available alternatives.

216. For instance, a comparable knee CPM device is available for a four (4) week rental to the general public for approximately $625, which equates to a rate of just $22.32 per day.

217. In contrast, Advanced Recovery and ARES billed Liberty Mutual a total of $2,100 for a twenty-eight (28) day knee CPM rental at a rate of $75 per day, which represents a mark-up exceeding 330% of the typical rental cost.

218. For shoulder CPMs, Advanced Recovery and ARES charged Liberty Mutual a rental rate of $85 per day.

219. Because shoulder CPMs were ordered for either twenty-eight (28) or forty-two (42)

days, Advanced Recovery and ARES could bill Liberty Mutual between $2,380.00 and $3,570 for the rental of each shoulder CPM device.

220. The amounts that Advanced Recovery and ARES billed Liberty Mutual for the rental of shoulder CPMs are grossly excessive when compared to commercially-available alternatives.

221. For instance, a comparable shoulder CPM device is available for a six (6) week rental to the general public for $1,275, which equates to a rate of just $30.36 per day.

222. In contrast, Advanced Recovery and ARES billed Liberty Mutual a total of $3,570 for each 6-week shoulder CPM rental—a rate of $85 per day—which represents a mark-up exceeding 275% of the typical rental cost.

223. Advanced Recovery and ARES charged Liberty Mutual a rental rate of $36 per day for post-surgical CTU devices (CPT code E0218).

224. Because the CTU devices were ordered for twenty-eight (28) days or forty-two (42) days, Advanced Recovery and ARES could bill Liberty Mutual between $1,008.00 and $1,512.00 for the rental of each CTU device.

225. The amounts that Advanced Recovery and ARES billed Liberty Mutual for CTU rentals are grossly excessive when compared to commercially-available alternatives.

### G. EXEMPLAR CLAIMS

#### 1. Patient O.B. (Claim No. 0418224570003)

226. Liberty Mutual Claimant O.B. was allegedly involved in a motor vehicle accident on January 4, 2020.

227. Based on the Defendants' data, O.B. treated with FJ Ortho, Brooklyn Premier, CMD, and Bergenfield.

228. Advanced Recovery, ARES, Brooklyn Premier, FJ Ortho, CMD and Bergenfield

submitted bills to Liberty Mutual for reimbursement for O.B.

229. The Defendants do not possess executed patient consent forms for O.B.

230. The Defendants did not obtain the requisite disclosures to bill Liberty Mutual for DME dispensed pursuant to unlawful referrals from the referring providers.

231. On June 28, 2021, ARES billed Liberty Mutual $708.65 for an LSO brace that was not necessary for the treatment of O.B.

232. On August 26, 2021, ARES billed Liberty Mutual $1,008.00 for a cold therapy unit that was not necessary to the treatment of O.B.

233. All of the DME Entity Defendants' billing to Liberty Mutual for O.B. was unlawful.

**2. Patient K.V. (Claim No. 0432585670002)**

234. Liberty Mutual Claimant K.V. was allegedly involved in a motor vehicle accident on August 10, 2020.

235. Based on the Defendants' data, K.V. treated with FJ Ortho, CMD, and Bergenfield but was not referred for DME from Advanced Recovery or ARES.

236. Advanced Recovery, ARES, FJ Ortho, CMD and Bergenfield submitted bills to Liberty Mutual for reimbursement for K.V.

237. The Defendants do not possess executed patient consent forms for K.V.

238. The Defendants did not obtain the requisite disclosures to bill Liberty Mutual for DME dispensed pursuant to unlawful referrals from the referring providers.

239. On February 5, 2021, Advanced Recovery billed Liberty Mutual $648.00 for a CTU device that was not necessary for the treatment to K.V.'s shoulder.

240. On March 4, 2021, Advanced Recovery billed Liberty Mutual $1,008.00 for a CTU device that was not necessary for the treatment of K.V.

241. On March 4, 2021, Advanced Recovery billed Liberty Mutual $2,380.00 for a CPM

device that was not necessary for the treatment of K.V.

242. On March 4, 2021, Advanced Recovery billed Liberty Mutual $324.00 for a CTU device that was not necessary for the treatment of K.V.

243. On that same day, Advanced Recovery billed Liberty Mutual $765.00 for a CPM device that was not necessary for the treatment of K.V.

244. All of the DME Entity Defendants' billing to Liberty Mutual for K.V. was unlawful.

**3. <u>Patient K.W. (Claim No. 0436713660001)</u>**

245. Liberty Mutual Claimant K.W. was allegedly involved in a motor vehicle accident on September 21, 2020.

246. Based on the Defendants' data, K.W. treated with FJ Ortho, CMD, and Bergenfield and received a DME referral from Steven Horowitz.

247. Advanced Recovery, FJ Ortho, CMD and Bergenfield submitted bills to Liberty Mutual for reimbursement for K.W.

248. The Defendants do not possess executed patient consent forms for K.W.

249. The Defendants did not obtain the requisite disclosures to bill Liberty Mutual for DME dispensed pursuant to unlawful referrals from the referring providers.

250. On December 24, 2020, Advanced Recovery billed Liberty Mutual $806.64 for an LSO device that was not necessary for the treatment of K.W.

251. On December 24, 2020, Advanced Recovery billed Liberty Mutual $806.64 for an LSO device that was not necessary for the treatment of K.W.

252. On April 22, 2021, Advanced Recovery billed Liberty Mutual $607.55 for a left knee orthosis device that was not necessary for the treatment of K.W.

253. All of the DME Entity Defendants' billing to Liberty Mutual for K.W. was

unlawful.

**4. Patient A.W. (Claim No. 0439986330004)**

254. Liberty Mutual Claimant A.W. was allegedly involved in a motor vehicle accident on November 6, 2020.

255. Based on the Defendants' data, A.W. treated with FJ Ortho, CMD, and Bergenfield and received a DME referral from Winiarsky.

256. Advanced Recovery, ARES, FJ Ortho, CMD and Bergenfield submitted bills to Liberty Mutual in connection with A.W.

257. The Defendants do not possess executed patient consent forms for A.W.

258. The Defendants did not obtain the requisite disclosures to bill Liberty Mutual for DME dispensed pursuant to unlawful referrals from the referring providers.

259. On September 17, 2021, Advanced Recovery billed Liberty Mutual $1,008.00 for a CTU device that was not necessary for the treatment of A.W.

260. On September 17, 2021, Advanced Recovery billed Liberty Mutual $2,380.00 for a CPM device that was not necessary for the treatment of A.W.

261. On September 23, 2021, Advanced Recovery billed Liberty Mutual $504.00 for a CTU device that was not necessary for the treatment of A.W.

262. On September 23, 2021, Advanced Recovery billed Liberty Mutual $1,190.00 for a CPM device that was not necessary for the treatment of A.W.

263. On September 25, 2021, ARES billed Liberty Mutual $111.07 for a shoulder orthosis device that was not necessary for the treatment of A.W.

264. All of the DME Entity Defendants' billing to Liberty Mutual for A.W was unlawful.

**5. Patient M.F. (Claim No. 0454081280002)**

265. Liberty Mutual Claimant M.F. was allegedly involved in a motor vehicle accident

on April 2, 2021.

266. Based on the Defendants' data, M.F. treated with FJ Ortho, CMD, Bergenfield and received DME referrals from Michael Horowitz and "Mandi."

267. The Defendants do not possess executed patient consent forms for M.F.

268. Advanced Recovery submitted billing to Liberty Mutual in connection with M.F.

269. On June 9, 2021, Advanced Recovery billed Liberty Mutual $331.47 for an ankle orthosis device that was not necessary for the treatment of M.F.

270. Advanced Recovery submitted billing to Liberty Mutual; yet, the claim submission to Liberty Mutual contains correspondence from the referring provider to ARES, which uses an e-mail address that is connected to the Advanced Recovery website.

**From:** Schedule <Schedule@advancedres.net>
**Sent:** Wednesday, April 13, 2022 12:03 PM
**To:** Major Med <majormed@advancedres.net>
**Cc:** Iryna Kurin <Iryna@advancedres.net>
**Subject:** FW: B[redacted] F[redacted] M[redacted] rx

Patient needs Sam Sport unit

Elba

**From:** Jenny Rodriguez <jrodriguez@nynjcmd.com>
**Sent:** Wednesday, April 13, 2022 12:01 PM
**To:** BPO_ARES <bpo@advancedres.net>
**Subject:** B[redacted] F[redacted] M[redacted] rx

Hello,

Please see attached. Thank you

271. On April 20, 2022, Advanced Recovery billed Liberty Mutual $5,150.00 for a SAM Sport Unit device that was not necessary for the treatment of M.F.

| | MM | DD | YY | MM | DD | YY | SERVICE | EMG | CPT/HCPCS | MODIFIER | POINTER | $ CHARGES | UNITS | Plan | QUAL. | PROVIDER ID. # |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Durable medical equipment mi | | | | | | | | | | | | | | ZZ | 332BC3200X |
| | 04 | 15 | 22 | 04 | 15 | 22 | 12 | | E1399 | NU KX | ABC | 515000 | 1 | | NPI | 1033463781 |
| 2 | | | | | | | | | | | | | | | NPI | |
| 3 | | | | | | | | | | | | | | | NPI | |
| 4 | | | | | | | | | | | | | | | NPI | |
| 5 | | | | | | | | | | | | | | | NPI | |
| 6 | | | | | | | | | | | | | | | NPI | |

| 25. FEDERAL TAX I.D. NUMBER SSN EIN | 26. PATIENT'S ACCOUNT NO. | 27. ACCEPT ASSIGNMENT? (For govt. claims, see back) | 28. TOTAL CHARGE | 29. AMOUNT PAID | 30. Rsvd for NUCC Use |
|---|---|---|---|---|---|
| [redacted] ☐ SSN ☒ EIN | 67402 | ☒ YES ☐ NO | $ 5150 00 | $ | |

| 31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.) | 32. SERVICE FACILITY LOCATION INFORMATION | 33. BILLING PROVIDER INFO & PH # ( 718) 434-7444 |
|---|---|---|
| Dan Horowitz 332BC3200X SIGNED 04/20/2022 DATE | Advanced Recovery Equipment and Sup<br>1100 Coney Island Ave<br>3rd fl<br>Brooklyn, NY 112302342<br>a. 1033463781 b. | Advanced Recovery Equipment and Supplies<br>1100 Coney Island Ave<br>3rd fl<br>Brooklyn, NY 112302342<br>a. 1033463781 b. |

272. Brooklyn Premier Orthopedics appears to share an email address with ARES.

**Schedule**

**From:** Major Med
**Sent:** Wednesday, April 13, 2022 5:05 PM
**To:** Orders_ARES
**Cc:** jrodriguez@nynjcmd.com; BPO_ARES
**Subject:** FW: B[redacted] F[redacted] M[redacted] rx
**Attachments:** b[redacted] f[redacted] m[redacted] rx.pdf; CCF04132022.pdf

RE: B[redacted] F[redacted] M[redacted]
DOB:[redacted]1963
DR. STEVE HOROWITZ
SAM SPORT UNIT
RX: 04/13/2022
NF: LIBERTY MUTUAL

CASE IS OPEN & ACTIVE 04/13/2022
PLEASE PROVIDE

273. The Defendants did not obtain the requisite disclosures to bill Liberty Mutual for DME dispensed pursuant to unlawful referrals from the referring providers.

274. All of the DME Entity Defendants' billing to Liberty Mutual for M.F. was unlawful.

### 6. <u>Patient G.C. (Claim No. 0456252490009)</u>

275. Liberty Mutual Claimant G.C. was allegedly involved in a motor vehicle accident on May 14, 2021.

276. Based on the Defendants' data, G.C. treated with FJ Ortho, CMD, and Bergenfield

and received DME referrals from "Popowitz" and "Gupta" but does not identify the specific referring provider.

277. Advanced Recovery, ARES, FJ Ortho, CMD and Bergenfield submitted bills to Liberty Mutual in connection with G.C.

278. The Defendants do not possess executed patient consent forms for G.C.

279. ARES did not possess the requisite DCWP License to dispense DME to G.C.

280. The Defendants did not obtain the requisite disclosures to bill Liberty Mutual for DME dispensed pursuant to unlawful referrals from the referring providers.

281. On November 9, 2021, Advanced Recovery billed Liberty Mutual $331.47 for an ankle support orthosis that was not necessary for the treatment of G.C.

282. On December 10, 2021, Advanced Recovery billed Liberty Mutual $1,008.00 for a CTU device that was not necessary for the treatment of G.C.

283. On December 10, 2021, Advanced Recovery billed Liberty Mutual $2,100.00 for a CPM device that was not necessary for the treatment of G.C.

284. On December 14, 2021, ARES billed Liberty Mutual $12.00 for an adjustable cane that was not necessary for the treatment of G.C.

285. On December 30, 2021, Advanced Recovery billed Liberty Mutual $536.08 for a hinged knee brace that was not necessary for the treatment of G.C.

286. All of the DME Entity Defendants' billing to Liberty Mutual for G.C. was unlawful.

**7. <u>Patient T.A. (Claim No. 0460328380001)</u>**

287. Liberty Mutual Claimant T.A. was allegedly involved in a motor vehicle accident on June 20, 2020.

288. Based on the Defendants' data, T.A. treated with FJ Ortho, CMD, and Bergenfield and received DME from Advanced Recovery.

289. ARES (not Advanced Recovery), FJ Ortho, CMD and Bergenfield submitted bills to Liberty Mutual in connection with T.A.

290. A signed consent form only exists only for Advanced Recovery (who did not provide any services to T.A.) in violation of the law.

291. The Defendants did not obtain the requisite disclosures to bill Liberty Mutual for DME dispensed pursuant to unlawful referrals from the referring providers.

292. On August 31, 2021, ARES billed Liberty Mutual $1,008.00 for a CTU device that was not necessary for the treatment of T.A.

293. On September 27, 2021, ARES billed Liberty Mutual $504.00 for a CTU device that was not necessary for the treatment of T.A.

294. All of the DME Entity Defendants' billing to Liberty Mutual for T.A. was unlawful.

**8. <u>Patient L.W. (Claim No. 0468272460001)</u>**

295. Liberty Mutual Claimant L.W. was allegedly involved in a motor vehicle accident on September 3, 2021.

296. Based on the Defendants' data, L.W. treated with FJ Ortho, CMD, and Bergenfield and received DME from Advanced Recovery.

297. Advanced Recovery, ARES, FJ Ortho, CMD and Bergenfield submitted bills to Liberty Mutual in connection with L.W.

298. A signed consent form only exists only for Advanced Recovery in violation of the law.

299. The Defendants did not obtain the requisite disclosures to bill Liberty Mutual for DME dispensed pursuant to unlawful referrals from the referring providers.

300. On January 19, 2022, Advanced Recovery billed Liberty Mutual $1,008.00 for a CTU device that was not necessary for the treatment of L.W.

301. On January 19, 2022, Advanced Recovery billed Liberty Mutual $2,380.00 for a CPM device that was not necessary for the treatment of L.W.

302. On February 15, 2022, ARES billed Liberty Mutual $111.07 for a shoulder sling that was not necessary for the treatment of L.W.

303. On February 16, 2022, Advanced Recovery billed Liberty Mutual $1,008.00 for a CTU device that was not necessary for the treatment of L.W.

304. On February 16, 2022, Advanced Recovery billed Liberty Mutual $1,190.00 for a CPM device that was not necessary for the treatment of L.W.

305. All of the DME Entity Defendants' billing to Liberty Mutual for L.W. was unlawful.

**9. Patient M.A. (Claim No. 0490025210001)**

306. Liberty Mutual Claimant M.A. was allegedly involved in a motor vehicle accident on April 1, 2022.

307. Based on the Defendants' data, M.A. treated with FJ Ortho, CMD, and Bergenfield.

308. Advanced Recovery, ARES, FJ Ortho, CMD and Bergenfield submitted bills to Liberty Mutual in connection with M.A.

309. ARES did not possess the requisite DCWP License to dispense DME to M.A.

310. On September 18, 2022, Advanced Recovery billed Liberty Mutual $528.64 for a CPM device that was not necessary for the treatment of M.A.

311. Upon information and belief, the Defendants did not obtain the requisite disclosures to bill Liberty Mutual for DME dispensed pursuant to unlawful referrals from the referring providers.

**10. Patient E.B. (Claim No. 0499699710002)**

312. Liberty Mutual Claimant E.B. was allegedly involved in a motor vehicle accident on June 15, 2022.

313. Based on the Defendants' data, E.B. treated with FJ Ortho, Brooklyn Premier, CMD, and Bergenfield and received a DME referral from Winiarsky.

314. ARES, Brooklyn Premier, FJ Ortho, CMD and Bergenfield submitted bills to Liberty Mutual in connection with E.B.

315. ARES did not possess the requisite DCWP License to dispense DME to E.B.

316. On January 24, 2023, ARES billed Liberty Mutual $604.83 for a compression wrap that was not necessary for the treatment of E.B.

317. On January 24, 2023, ARES billed Liberty Mutual $111.07 for a shoulder sling that was not necessary for the treatment of E.B.

318. Upon information and belief, the Defendants did not obtain the requisite disclosures to bill Liberty Mutual for DME dispensed pursuant to unlawful referrals from the referring providers.

**11. Patient T.C. (Claim No. 0502579050001)**

319. Liberty Mutual Claimant T.C. was allegedly involved in a motor vehicle accident on July 4, 2022.

320. Based on the Defendants' data, T.C. treated with FJ Ortho, CMD, and Bergenfield and received a DME referral from Winiarsky.

321. Advanced Recovery, ARES, FJ Ortho, CMD and Bergenfield submitted bills to Liberty Mutual in connection with T.C.

322. On January 15, 2023, Advanced Recovery billed Liberty Mutual $873.32 for a CPM device that was not necessary for the treatment of T.C.

323. On January 24, 2023, ARES billed Liberty Mutual $604.83 for a compression wrap that was not necessary for the treatment of T.C.

324. On January 24, 2023, ARES billed Liberty Mutual $111.07 for a shoulder sling that was not necessary for the treatment of T.C.

325. On February 12, 2023, Advanced Recovery billed Liberty Mutual $436.66 for a CPM device that was not necessary for the treatment of T.C.

326. Upon information and belief, the Defendants did not obtain the requisite disclosures to bill Liberty Mutual for DME dispensed pursuant to unlawful referrals from the referring providers.

**12. <u>Patient G.V. (Claim No. 0512378900002)</u>**

327. Liberty Mutual Claimant G.V. was allegedly involved in a motor vehicle accident on October 15, 2022.

328. Based on the Defendants' data, G.V. treated with FJ Ortho, CMD, and Bergenfield and received a DME referral from Winiarsky.

329. ARES, FJ Ortho, CMD and Bergenfield submitted bills to Liberty Mutual in connection with G.V.

330. On May 24, 2023, ARES billed Liberty Mutual $604.83 for a compression wrap that was not necessary for the treatment of G.V.

331. On May 24, 2023, ARES billed Liberty Mutual $372.50 for a shoulder brace that was not necessary for the treatment of G.V.

332. Upon information and belief, the Defendants did not obtain the requisite disclosures to bill Liberty Mutual for DME dispensed pursuant to unlawful referrals from the referring providers.

## V. SPECIFIC ALLEGATIONS OF MAIL FRAUD RACKETEERING ACTIVITY

333. Throughout the course of this entire scheme, the Defendants (a) created, prepared, and submitted (or caused to be created, prepared, and submitted) false medical documentation, (b) intentionally violated the laws of the United States by devising, and intending to devise, schemes to defraud and obtain money and property by means of false and fraudulent pretenses in representations, and (c) placed, or caused to be placed, in a post office and/or authorized depository for mail matter, things to be sent and delivered by the United States Postal Service, in violation of 18 U.S.C. § 1341 (mail fraud) for the purpose of executing, or attempting, such fraudulent schemes.

334. Unless otherwise pled to the contrary, all documents, notes, reports, health insurance claim forms, letters, and invoices in connection with the insurance claims referenced throughout this pleading traveled through the U.S. Mail.

335. Every automobile insurance claim detailed within this Complaint involved at least one use of the U.S. Mail, including the mailing of, among other things, the notice of claim, initial policies, insurance payments, claim-related payments, and the return of the cancelled payment instruments to the financial institution(s) from which the draft(s) were drawn.

336. The Defendants either personally used (or caused the use of) the U.S. Mail to further this fraudulent scheme by causing patient medical records, prescriptions, bills, invoices, and other No-Fault claim documents from Advanced Recovery and ARES to be mailed to Liberty Mutual, or acted with knowledge that the use of the U.S. Mail would follow in the ordinary course of business.

### A. ADVANCED RECOVERY ENTERPRISE

337. D. Horowitz, Gladkovitser, Robinzon, and ARES either personally used the U.S.

Mail to further this fraudulent scheme by causing false medical documentation to be mailed to Liberty Mutual and/or the claimants or their counsel, and/or acted with knowledge that the use of the U.S. Mail would follow in the ordinary course of business.

338. D. Horowitz, Gladkovitser, Robinzon, and ARES caused Advanced Recovery to falsely certify that it was eligible to be reimbursed each time that Advanced Recovery mailed false medical documentation to Liberty Mutual.

339. Advanced Recovery was ineligible for No- Fault reimbursement due to unlawful referrals from the referring providers in violation of applicable law.

340. Advanced Recovery was ineligible for No-Fault reimbursement because the CPMs and CTUs purportedly dispensed to Liberty Mutual claimants, including those prescribed by the referring providers were not medically necessary.

341. Therefore, because (a) Advanced Recovery was not lawfully eligible to seek or collect No-Fault benefit payments, (b) D. Horowitz, Gladkovitser, Robinzon, and ARES caused Advanced Recovery to seek No-Fault reimbursement from Liberty Mutual, and (c) Advanced Recovery used the U.S. Mail to seek reimbursement, it is clear that D. Horowitz, Gladkovitser, Robinzon, and ARES committed mail fraud.

342. At all relevant times, D. Horowitz, Gladkovitser, Robinzon, and ARES knew that Advanced Recovery, a patient, a claimant, an insurance carrier, patient’s attorney, other medical provider, and/or Liberty Mutual would use the U.S. Mail in connection with each of the fraudulent claims, including issuing payments based upon documentation mailed by Advanced Recovery.

343. Liberty Mutual estimates that the unlawful operation of the Advanced Recovery enterprise generated hundreds of mailings. A table highlighting selected examples of mailings made in furtherance of this scheme is annexed at Exhibit 1 and incorporated by reference as if set forth in its entirety.

### B. ARES ENTERPRISE

344. D. Horowitz, Gladkovitser, Robinzon, and Advanced Recovery either personally used the U.S. Mail to further this fraudulent scheme by causing false medical documentation to be mailed to Liberty Mutual and/or the claimants or their counsel, and/or acted with knowledge that the use of the U.S. Mail would follow in the ordinary course of business.

345. D. Horowitz, Gladkovitser, Robinzon, and Advanced Recovery caused ARES to falsely certify that it was, in all respects, eligible to be reimbursed under New York's No-Fault laws each time that ARES mailed false medical documentation to Liberty Mutual.

346. ARES was ineligible for No- Fault reimbursement because certain services that it provided to Liberty Mutual claimants were the product of unlawful referrals from the referring providers in violation of applicable law.

347. ARES was ineligible for No-Fault reimbursement because the CPMs and CTUs purportedly dispensed to Liberty Mutual Claimants, including those prescribed by the referring providers were not medically necessary.

348. Therefore, because (a) ARES was not lawfully eligible to seek or collect No-Fault benefit payments, (b) D. Horowitz, Gladkovitser, Robinzon, and Advanced Recovery caused ARES to seek No-Fault reimbursement from Liberty Mutual, and (c) ARES used the U.S. Mail to seek reimbursement, it is clear that D. Horowitz, Gladkovitser, Robinzon, and Advanced Recovery committed mail fraud.

349. At all relevant times, D. Horowitz, Gladkovitser, Robinzon, and Advanced Recovery knew that ARES, a patient, a claimant, an insurance carrier, patient's attorney, other medical provider, and/or Liberty Mutual would use the U.S. Mail in connection with each of the fraudulent claims, including issuing payments based upon documentation mailed by ARES.

350. Liberty Mutual estimates that the unlawful operation of the ARES enterprise

generated hundreds of mailings. A table highlighting selected examples of mailings made in furtherance of this scheme is annexed at Exhibit 2 and incorporated by reference as if set forth in its entirety.

## VI. SPECIFIC ALLEGATIONS OF FRAUDULENT CONCEALMENT AND MATERIAL MISREPRESENTATIONS MADE TO AND RELIED UPON BY LIBERTY MUTUAL

351. The Defendants falsely certified that the DME Entity Defendants' were eligible to be reimbursed as a means to induce Liberty Mutual to promptly pay charges related to DME purportedly provided to Liberty Mutual claimants.

352. Indeed, the Defendants attested to the medical necessity of the services that they allegedly performed as well as the validity of the charges for such services.

353. The Defendants caused the DME Entity Defendants to submit to Liberty Mutual documents and bills for (a) DME that was dispensed by an unlicensed facility; (b) services that did not comply with state and local licensure law; (c) services that involved unlawful referrals and undisclosed financial arrangements; (d) services that were not medically necessary; and, (e) charges that exceeded the amounts allowed under the applicable Fee Schedule.

354. Such conduct is unlawful.

355. Many of the unlawful acts are not readily evidenced within the four corners of the documentation submitted to Liberty Mutual by the Defendants and upon which Liberty Mutual relied in adjusting the claims and tendering payment in connection with each discrete patient claim.

356. Claims submitted by the DME Entity Defendants to Liberty Mutual can only be submitted, and reimbursed, for services that were provided in accord with all applicable New York state licensing requirements, or, for professional healthcare services provided in New Jersey, that were provided in accord with all applicable New Jersey licensing requirements.

357. Thus, every time that the Defendants submitted billing to Liberty Mutual by the

DME Entity Defendants, they certified that the DME Entity Defendants were eligible to be reimbursed.

358. The Defendants' purposeful concealment of the DME Entity Defendants' lack of eligibility for No-Fault reimbursement allowed the scheme to continue undetected.

359. For example, the Defendants undertook steps to prevent detection of this scheme by causing the DME Entity Defendants to operate as seemingly separate enterprises to conceal the volume of billing submitted to Liberty Mutual by these enterprises, when, in actuality, the Defendants treated the DME Entity Defendants as one homogenous business interest in disregard of their individual corporate forms.

360. Consequently, the full extent of the Defendants' fraudulent acts relative to their operation of the DME Entity Defendants was not, and could not have been, known to Liberty Mutual until shortly before it commenced this action.

## VII. <u>LIBERTY MUTUAL'S JUSTIFIABLE RELIANCE</u>

361. Claims submitted to Liberty Mutual by the Defendants was verified pursuant to Insurance Law § 403.

362. To induce Liberty Mutual to promptly pay the DME Entity Defendants, the Defendants submitted NF-3 or CMS-1500 forms certifying that Advanced Recovery and ARES were eligible to be reimbursed.

363. Further, to induce Liberty Mutual to promptly pay the fraudulent charges for DME purportedly provided to Liberty Mutual claimants, the Defendants hired attorneys and law firms to pursue collection of the fraudulent charges from Liberty Mutual. These attorneys and law firms routinely file time-consuming and expensive lawsuits and arbitration matters against Liberty Mutual in the event that Advanced Recovery and ARES' charges are not promptly paid in full.

364. Liberty Mutual is under statutory and contractual obligations to promptly and fairly

process claims within thirty (30) days. The facially valid documents submitted to Liberty Mutual by the DME Entity Defendants in support of the fraudulent charges, combined with the material misrepresentations described above, were designed to, and did, cause Liberty Mutual to justifiably rely on them.

365. The Defendants concealed from Liberty Mutual the truth regarding the DME Entity Defendants reimbursement eligibility.

366. In reasonable reliance on these misrepresentations, Liberty Mutual paid money to Advanced Recovery and ARES to its detriment.

367. Liberty Mutual would not have paid these monies had the Defendants provided true and accurate information about Advanced Recovery and ARES' reimbursement eligibility, including billing for (a) DME that was dispensed by an unlicensed facility; (b) services that failed to comply with state and local licensure law; (c) services that involved unlawful referrals and undisclosed financial arrangements; (d) services that were not medically necessary; and, (e) charges that exceeded the amounts allowed under the applicable Fee Schedule.

368. As a result, Liberty Mutual was caused to make No-Fault payments totaling over $1,240,654.09 to Advanced Recovery and ARES. *See* Exhibits 3-4.

369. Liberty Mutual made payments to the DME Entity Defendants in reasonable reliance on the documents and representations submitted by the Defendants in support of their No-Fault claims, including the (false) warranties that Advanced Recovery and ARES were eligible for payment under New York's No-Fault laws.

## VIII. <u>DAMAGES</u>

370. The Defendants' pattern of fraudulent and unlawful conduct injured Liberty Mutual in its business and property by reason of the aforesaid violations of state and federal law. Although it is not necessary for Liberty Mutual to calculate its damages with specificity at this stage of the

litigation (whereas Liberty Mutual's damages continue to accrue), Liberty Mutual's injury includes, but is not limited to, compensatory damages for:

A. Payments made to Advanced Recovery Equipment and Supplies LLC in connection with No-Fault benefit claims totaling over $1,108,684.61, the exact amount to be determined at trial. The chart annexed at Exhibit 3, and incorporated herein as if set forth in its entirety, identifies Liberty Mutual's payments to Advanced Recovery in connection with No-Fault benefit claims determined to be fraudulent as of the filing of this Complaint.

B. Payments made to ARES Medical Supplies LLC in connection with No-Fault benefit claims totaling over $131,969.48, the exact amount to be determined at trial. The chart annexed at Exhibit 4, and incorporated herein as if set forth in its entirety, identifies Liberty Mutual's payments to ARES in connection with No-Fault benefit claims determined to be fraudulent as of the filing of this Complaint.

## IX. CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF 18 U.S.C. § 1962(c)
### ADVANCED RECOVERY EQUIPMENT AND SUPPLIES LLC ENTERPRISE
### (Against Daniel Horowitz, Russell Gladkovitser a/k/a Ruslan Gladkovitser, Jay I. Robinzon, and ARES Medical Supplies LLC)

371. Liberty Mutual re-alleges, re-pleads, and incorporates by reference the allegations made in paragraphs 1 through 370 as if set forth fully herein.

372. In furtherance of their operation and management of Advanced Recovery Equipment and Supplies LLC ("Advanced Recovery"), Defendants Daniel Horowitz, Russell Gladkovitser a/k/a Ruslan Gladkovitser, Jay I. Robinzon, and ARES Medical Supplies LLC (collectively, "Count I Defendants") intentionally prepared and mailed (or caused to be prepared and mailed) false medical documentation in connection with Liberty Mutual insurance claims, in

furtherance of their scheme to defraud.

373. The Count I Defendants employed one or more mailings to demand and/or receive payment on certain dates, including, but not limited to, those dates identified in the chart at Exhibit 1.

374. Among other things, NF-3 and/or CMS-1500 forms, medical billing invoices, medical reports, applications for insurance, and premium checks were routinely delivered to Liberty Mutual through the U.S. Mail.

375. Policies of insurance were delivered to insureds through the U.S. Mail. Payments made by Liberty Mutual to Advanced Recovery were delivered through the U.S. Mail.

376. As documented above, the Count I Defendants repeatedly and intentionally submitted, or caused to be submitted, NF-3 forms and/or CMS-1500 forms and other claim-related documentation to Liberty Mutual for items of DME that were purportedly provided by Advanced Recovery for the purpose of collecting payment from Liberty Mutual.

377. As a result of, and in reasonable reliance upon, the mailing and/or submission of these misleading documents and materially false representations, Liberty Mutual, by its agents and employees, issued drafts to Advanced Recovery, for the benefit of one or more of the Count I Defendants, that would not otherwise have been paid.

378. The Count I Defendants' pattern of preparing and mailing (or causing/directing the preparation and mailing of) these documents and other claim-related materials, each appearing legitimate on their face, also prevented Liberty Mutual from discovering this scheme for a long period of time, thus enabling the Count I Defendants to continue without being detected.

379. The facts set forth above constitute indictable offenses pursuant to 18 U.S.C. § 1341 (mail fraud).

380. By creating and then mailing to Liberty Mutual (or directing the creation and

subsequent mailing to Liberty Mutual) of numerous fraudulent documents in an ongoing scheme, the Count I Defendants engaged in a pattern of racketeering activity within the meaning of 18 U.S.C. § 1962(c).

381. The activities alleged in this case had the direct effect of causing funds to be transferred from Liberty Mutual to Advanced Recovery for the benefit of the Count I Defendants.

382. Liberty Mutual is in the business of writing insurance and paying claims. Insurance fraud schemes practiced here and elsewhere have a deleterious impact on Liberty Mutual's overall financial well-being and adversely affect insurance rates.

383. Advanced Recovery constitutes an enterprise engaged in, and the activities of which affect, interstate commerce.

384. The Count I Defendants associated with the foregoing enterprise, and participated—both directly and indirectly—in the conduct of this enterprise through a pattern of racketeering activities.

385. Liberty Mutual is a "person" as defined by 18 U.S.C. § 1961(3) injured in its business or property by reason of the Count I Defendants' conduct.

386. The Count I Defendants' conduct in violation of 18 U.S.C. § 1962(c) was the direct and proximate cause of Liberty Mutual's injury.

387. By virtue of the Count I Defendants' violations of 18 U.S.C. § 1962(c), Liberty Mutual is entitled to recover from them three (3) times the damages sustained by reason of the claims submitted by them, and others acting in concert with them, together with the costs of suit, including reasonable attorney's fees.

**COUNT II**
**VIOLATIONS OF 18 U.S.C. § 1962(d)**
**ADVANCED RECOVERY EQUIPMENT AND SUPPLIES LLC ENTERPRISE**
**(Against Daniel Horowitz, Russell Gladkovitser a/k/a Ruslan Gladkovitser, Jay I. Robinzon, and ARES Medical Supplies LLC)**

388. Liberty Mutual re-alleges, re-pleads, and incorporates by reference the allegations made in paragraphs 1 through 370 as if set forth fully herein.

389. Throughout their participation in the operation and management of Advanced Recovery Equipment and Supplies LLC ("Advanced Recovery"), Defendants Daniel Horowitz, Russell Gladkovitser a/k/a Ruslan Gladkovitser, Jay I. Robinzon, and ARES Medical Supplies LLC (collectively, "Count II Defendants") conspired with each other to violate 18 U.S.C. § 1962(c).

390. The Count II Defendants each agreed to participate in a conspiracy to violate 18 U.S.C. § 1962(c) by agreeing to conduct the affairs of Advanced Recovery by means of a pattern of racketeering activity, including numerous instances of mail fraud as set forth in Exhibit 1, and through the preparation and mailing of fraudulent documents, including NF-3 and/or CMS-1500 forms, to Liberty Mutual.

391. The purpose of the conspiracy was to obtain No-Fault benefit payments from Liberty Mutual on behalf of Advanced Recovery, even though Advanced Recovery, as a result of the Count II Defendants' unlawful conduct, was not eligible to collect such No-Fault benefit payments.

392. The purpose of the conspiracy was also to seek No-Fault benefit payments from Liberty Mutual on behalf of Advanced Recovery in connection with DME that was not medically necessary.

393. During a portion of the relevant timeframe, Advanced Recovery did not have the required DCWP Licensure to submit bills to Liberty Mutual.

394. The Count II Defendants were aware of this purpose, and agreed to take steps to meet the conspiracy's objectives, including the creation of and mailing of documents, including NF-3 and/or CMS-1500 forms, containing material misrepresentations and/or material omissions.

395. Liberty Mutual has been injured in its business and property by reason of this conspiratorial conduct whereas Liberty Mutual has been induced to make No-Fault claim payments as a result of the Count II Defendants' unlawful conduct described herein.

396. By virtue of this violation of 18 U.S.C. § 1962(d), the Count II Defendants are jointly and severally liable to Liberty Mutual, and Liberty Mutual is entitled to recover from each of the Count II Defendants three (3) times the damages sustained by reason of the claims submitted by the Defendants, and others acting in concert with them, together with the costs of suit, including reasonable attorney's fees.

**COUNT III**
**VIOLATIONS OF 18 U.S.C. § 1962(c)**
**ARES MEDICAL SUPPLIES LLC ENTERPRISE**
**(Against Daniel Horowitz, Russell Gladkovitser a/k/a Ruslan Gladkovitser, Jay I. Robinzon, and Advanced Recovery Equipment and Supplies LLC)**

397. Liberty Mutual re-alleges, re-pleads, and incorporates by reference the allegations made in paragraphs 1 through 370 as if set forth fully herein.

398. In furtherance of their operation and management of ARES Medical Supplies LLC ("ARES"), Defendants Daniel Horowitz, Russell Gladkovitser a/k/a Ruslan Gladkovitser, Jay I. Robinzon, and Advanced Recovery Equipment and Supplies LLC (collectively, "Count III Defendants") intentionally prepared and mailed (or caused to be prepared and mailed) false medical documentation in connection with Liberty Mutual insurance claims, in furtherance of their scheme to defraud.

399. The Count III Defendants employed one or more mailings to demand and/or receive payment on certain dates, including, but not limited to, those dates identified in the chart at Exhibit

2.

400. Among other things, NF-3 and/or CMS-1500 forms, medical billing invoices, medical reports, applications for insurance, and premium checks were routinely delivered to Liberty Mutual through the U.S. Mail.

401. Policies of insurance were delivered to insureds through the U.S. Mail.

402. Payments made by Liberty Mutual to ARES were delivered through the U.S. Mail.

403. As documented above, the Count III Defendants repeatedly and intentionally submitted, or caused to be submitted, NF-3 and/or CMS-1500 forms and other claim-related documentation to Liberty Mutual for items of DME that were purportedly provided by ARES for the purpose of collecting payment from Liberty Mutual.

404. As a result of, and in reasonable reliance upon, the mailing and/or submission of these misleading documents and materially false representations, Liberty Mutual, by its agents and employees, issued drafts to ARES, for the benefit of one or more of the Count III Defendants, that would not otherwise have been paid.

405. The Count III Defendants' pattern of preparing and mailing (or causing/directing the preparation and mailing of) these documents and other claim-related materials, each appearing legitimate on their face, also prevented Liberty Mutual from discovering this scheme for a long period of time, thus enabling the Count III Defendants to continue without being detected.

406. The facts set forth above constitute indictable offenses pursuant to 18 U.S.C. § 1341 (mail fraud).

407. By creating and then mailing to Liberty Mutual (or directing the creation and subsequent mailing to Liberty Mutual) of numerous fraudulent documents and other claim-related materials in an ongoing scheme, the Count III Defendants engaged in a pattern of racketeering activity within the meaning of 18 U.S.C. § 1962(c).

408. The activities alleged in this case had the direct effect of causing funds to be paid from Liberty Mutual to ARES for the benefit of the Count III Defendants.

409. Liberty Mutual is in the business of writing insurance and paying claims. Insurance fraud schemes practiced here and elsewhere have a deleterious impact on Liberty Mutual's overall financial well-being and adversely affect insurance rates.

410. ARES constitutes an enterprise engaged in, and the activities of which affect, interstate commerce.

411. The Count III Defendants associated with the foregoing enterprise, and participated—both directly and indirectly—in the conduct of this enterprise through a pattern of racketeering activities.

412. Liberty Mutual is a "person" as defined by 18 U.S.C. § 1961(3) injured in its business or property by reason of the Count III Defendants' conduct.

413. The Count III Defendants' conduct in violation of 18 U.S.C. § 1962(c) was the direct and proximate cause of Liberty Mutual's injury.

414. By virtue of the Count III Defendants' violations of 18 U.S.C. § 1962(c), Liberty Mutual is entitled to recover from them three (3) times the damages sustained by reason of the claims submitted by them, and others acting in concert with them, together with the costs of suit, including reasonable attorney's fees.

## COUNT IV
## VIOLATIONS OF 18 U.S.C. § 1962(d)
## ARES MEDICAL SUPPLIES LLC ENTERPRISE
## (Against Daniel Horowitz, Russell Gladkovitser a/k/a Ruslan Gladkovitser, Jay I. Robinzon, and Advanced Recovery Equipment and Supplies LLC)

415. Liberty Mutual re-alleges, re-pleads, and incorporates by reference the allegations made in paragraphs 1 through 370 as if set forth fully herein.

416. Throughout their participation in the operation and management of ARES Medical

Supplies LLC ("ARES"), Defendants Daniel Horowitz, Russell Gladkovitser a/k/a Ruslan Gladkovitser, Jay I. Robinzon, and Advanced Recovery Equipment and Supplies LLC (collectively, "Count IV Defendants") conspired with each other to violate 18 U.S.C. § 1962(c).

417. The Count IV Defendants each agreed to participate in a conspiracy to violate 18 U.S.C. § 1962(c) by agreeing to conduct the affairs of ARES by means of a pattern of racketeering activity, including numerous instances of mail fraud as set forth in Exhibit 2, and through the preparation and mailing of fraudulent documents, including NF-3 and/or CMS-1500 forms, to Liberty Mutual.

418. The purpose of the conspiracy was to obtain No-Fault benefit payments from Liberty Mutual on behalf of ARES, even though ARES, as a result of the Count IV Defendants' unlawful conduct, was not eligible to collect such No-Fault benefit payments.

419. The purpose of the conspiracy was also to seek No-Fault benefit payments from Liberty Mutual on behalf of ARES in connection with DME that was not medically necessary.

420. During a portion of the relevant timeframe, ARES did not have the required DCWP Licensure to submit bills to Liberty Mutual.

421. The Count IV Defendants were aware of this purpose, and agreed to take steps to meet the conspiracy's objectives, including the creation of and mailing of documents, including NF-3 and/or CMS-1500 forms, containing material misrepresentations and/or material omissions.

422. Liberty Mutual has been injured in its business and property by reason of this conspiratorial conduct whereas Liberty Mutual has been induced to make No-Fault claim payments as a result of the Count IV Defendants' unlawful conduct described herein.

423. By virtue of this violation of 18 U.S.C. § 1962(d), the Count IV Defendants are jointly and severally liable to Liberty Mutual, and Liberty Mutual is entitled to recover from each of the Count IV Defendants three (3) times the damages sustained by reason of the claims

submitted by the Defendants, and others acting in concert with them, together with the costs of suit, including reasonable attorney's fees.

**COUNT V**
**COMMON-LAW FRAUD**
**(Against All Defendants)**

424. Liberty Mutual re-alleges, re-pleads, and incorporates by reference the allegations made in paragraphs 1 through 370 as if set forth fully herein.

425. The Defendants Advanced Recovery Equipment and Supplies LLC ("Advanced Recovery"), ARES Medical Supplies LLC ("ARES"), Daniel Horowitz, Russell Gladkovitser a/k/a Ruslan Gladkovitser, and Jay I. Robinzon (collectively, "Count V Defendants") did conspire to defraud Liberty Mutual through billing for (1) unauthorized and unlicensed services; (2) services based on unlawful referral of patients; and (3) the provision of medically unnecessary services and DME that were charged to Liberty Mutual at grossly inflated rates.

426. The Count V Defendants intentionally made false statements of material fact to Liberty Mutual, and also concealed material facts from Liberty Mutual in the course of their submission of bills.

427. The false and fraudulent statements of material fact include representations of: billing for (1) unauthorized and unlicensed services; (2) services based on unlawful referral of patients; and (3) the provision of medically unnecessary services and DME that were charged to Liberty Mutual at grossly inflated rates.

428. Liberty Mutual reasonably relied, to its detriment, upon the Count V Defendants' material misrepresentations concerning the Defendants' eligibility to receive No-Fault reimbursement in paying numerous bills for healthcare expenses pursuant to No-Fault insurance claims.

429. Liberty Mutual has been injured in its business and property by reason of the above-

described conduct because Liberty Mutual has made No-Fault benefit payments totaling over $1,240,654.09 in connection with fraudulent bills submitted by the Count V Defendants.

**COUNT VI**
**UNJUST ENRICHMENT**
**(Against All Defendants)**

430. Liberty Mutual re-alleges, re-pleads, and incorporates by reference the allegations made in paragraphs 1 through 370 as if set forth fully herein.

431. The Defendants Advanced Recovery Equipment and Supplies LLC ("Advanced Recovery"), ARES Medical Supplies LLC ("ARES"), Daniel Horowitz, Russell Gladkovitser a/k/a Ruslan Gladkovitser, and Jay I. Robinzon (collectively, "Count VI Defendants") conspired to induce Liberty Mutual to make numerous and substantial payments pursuant to New York's No-Fault laws.

432. As alleged herein Advanced Recovery and ARES were not eligible for reimbursement under New York's No-Fault laws because they billed for (1) unauthorized and unlicensed services; (2) services based on unlawful referral of patients; and (3) the provision of medically unnecessary services and DME that were charged to Liberty Mutual at grossly inflated rates in violation of applicable law.

433. When Liberty Mutual paid Advanced Recovery and ARES, Liberty Mutual reasonably believed that it was legally obligated to make such payments based upon the misrepresentations that the Count VI Defendants, made concerning their reimbursement eligibility.

434. Each and every No-Fault reimbursement payment that Liberty Mutual was caused to make to Advanced Recovery and ARES during the course of the scheme constitutes a benefit that the Count VI Defendants aggressively caused Advanced Recovery and ARES to seek and voluntarily accept.

435. Throughout the course of their scheme, the Count VI Defendants caused Advanced

Recovery and ARES to wrongfully obtain from Liberty Mutual No-Fault benefit payments totaling at least $1,240,654.09 as a direct and proximate result of the unlawful conduct detailed throughout this Complaint.

436. Throughout the duration of this scheme, the Count VI Defendants obtained substantial monetary benefits as the result of their unlawful conduct, benefits that were derived, in part, directly from the No-Fault reimbursement payments that Liberty Mutual was wrongfully induced to make to Advanced Recovery and ARES.

437. Retention of those benefits by the Count VI Defendants would violate fundamental principles of justice, equity, and good conscience.

**COUNT VII**
**DECLARATORY RELIEF UNDER 28 U.S.C. § 2201**
**(Against Advanced Recovery Equipment and Supplies LLC and ARES Medical Supplies LLC)**

438. Liberty Mutual re-alleges, re-pleads, and incorporates by reference the allegations set forth in paragraphs 1-370 as if set forth fully herein.

439. To be eligible to receive assigned No-Fault benefits, an assignee provider must adhere to all applicable New York statutes that grant the authority to provide healthcare services in New York.

440. Advanced Recovery and ARES billed for (1) unauthorized and unlicensed services; (2) services based on unlawful referral of patients; and (3) the provision of medically unnecessary services and DME that were charged to Liberty Mutual at grossly inflated rates in violation of the law.

441. Advanced Recovery and ARES continue to submit No-Fault claims to Liberty Mutual demanding payment, and other assigned No-Fault claims remain pending with Liberty Mutual.

442. Advanced Recovery and ARES continue to challenge Liberty Mutual's prior claim denials.

443. Advanced Recovery and ARES continue to commence litigation or arbitration against Liberty Mutual seeking payment of No-Fault benefits allegedly due and owing.

444. A justifiable controversy exists between Liberty Mutual and Advanced Recovery and ARES because they reject Liberty Mutual's ability to deny such claims.

445. Liberty Mutual has no adequate remedy at law.

446. Advanced Recovery and ARES will also continue to bill Liberty Mutual for No-Fault benefits payments absent a declaration by this Court that its activities are unlawful, and that Liberty Mutual has no obligation to pay the pending, previously denied, and/or any future No-Fault claims submitted by Advanced Recovery and ARES.

447. Accordingly, Liberty Mutual requests a judgment pursuant to the Declaratory Judgment Act, 22 U.S.C. §§ 2201 and 2202, declaring that Advanced Recovery and ARES, at all relevant times, acted unlawfully when they billed for (1) unauthorized and unlicensed services; (2) services based on unlawful referral of patients; and (3) the provision of medically unnecessary services and DME that were charged to Liberty Mutual at grossly inflated rates in violation of applicable law.

## X. DEMAND FOR RELIEF

WHEREFORE, plaintiffs, Liberty Insurance Corporation, LM Insurance Corporation, Liberty Mutual Fire Insurance Company, The First Liberty Insurance Corporation, Liberty Mutual Personal Insurance Company, LM General Insurance Company, Liberty Mutual Mid-Atlantic Insurance Company, American States Insurance Company, and Wausau Underwriters Insurance Company (collectively, "Liberty Mutual" and/or "plaintiffs"), respectfully pray that judgment enter in their favor, as follows:

**<u>COUNT I</u>**
**VIOLATIONS OF 18 U.S.C. § 1962(c)**
**ADVANCED RECOVERY EQUIPMENT AND SUPPLIES LLC ENTERPRISE**
**(Against Daniel Horowitz, Russell Gladkovitser a/k/a Ruslan Gladkovitser, Jay I. Robinzon, and ARES Medical Supplies LLC)**

a. AWARD Liberty Mutual's actual and consequential damages to be established at trial;

b. AWARD Liberty Mutual's treble damages pursuant to 18 U.S.C. § 1964, interests, costs, and attorneys' fees;

c. GRANT injunctive relief enjoining the Count I Defendants from engaging in the wrongful conduct alleged in the Complaint; and

d. GRANT all other relief this Court deems just.

**<u>COUNT II</u>**
**VIOLATIONS OF 18 U.S.C. § 1962(d)**
**ADVANCED RECOVERY EQUIPMENT AND SUPPLIES LLC ENTERPRISE**
**(Against Daniel Horowitz, Russell Gladkovitser a/k/a Ruslan Gladkovitser, Jay I. Robinzon, and ARES Medical Supplies LLC)**

a. AWARD Liberty Mutual's actual and consequential damages to be established at trial;

b. AWARD Liberty Mutual's treble damages pursuant to 18 U.S.C. § 1964, interests, costs, and attorneys' fees;

c. GRANT injunctive relief enjoining the Count II Defendants from engaging in the wrongful conduct alleged in the Complaint; and

d. GRANT all other relief this Court deems just.

**<u>COUNT III</u>**
**VIOLATIONS OF 18 U.S.C. § 1962(c)**
**ARES MEDICAL SUPPLIES LLC ENTERPRISE**
**(Against Daniel Horowitz, Russell Gladkovitser a/k/a Ruslan Gladkovitser, Jay I. Robinzon, and Advanced Recovery Equipment and Supplies LLC)**

a. AWARD Liberty Mutual's actual and consequential damages to be established at trial;

b. AWARD Liberty Mutual's treble damages pursuant to 18 U.S.C. § 1964, interests, costs,

and attorneys' fees;

c. GRANT injunctive relief enjoining the Count III Defendants from engaging in the wrongful conduct alleged in the Complaint; and

d. GRANT all other relief this Court deems just.

**COUNT IV**
**VIOLATIONS OF 18 U.S.C. § 1962(d)**
**ARES MEDICAL SUPPLIES LLC ENTERPRISE**
**(Against Daniel Horowitz, Russell Gladkovitser a/k/a Ruslan Gladkovitser, Jay I. Robinzon, and Advanced Recovery Equipment and Supplies LLC)**

a. AWARD Liberty Mutual's actual and consequential damages to be established at trial;

b. AWARD Liberty Mutual's treble damages pursuant to 18 U.S.C. § 1964, interests, costs, and attorneys' fees;

c. GRANT injunctive relief enjoining the Count IV Defendants from engaging in the wrongful conduct alleged in the Complaint; and

d. GRANT all other relief this Court deems just.

**COUNT V**
**COMMON-LAW FRAUD**
**(Against All Defendants)**

a. AWARD Liberty Mutual's actual and consequential damages to be established at trial;

b. AWARD Liberty Mutual its costs, including, but not limited to, investigative costs incurred in the detection of defendants' illegal conduct;

c. AWARD Liberty Mutual its costs in defending No-Fault collection suits filed by defendants seeking payment of false and fraudulent invoices; and

d. GRANT all other relief this Court deems just.

**COUNT VI**
**UNJUST ENRICHMENT**
**(Against All Defendants)**

a. AWARD Liberty Mutual's actual and consequential damages to be established at trial; and

b. GRANT all other relief this Court deems just.

**COUNT VII**
**DECLARATORY RELIEF UNDER 28 U.S.C. § 2201**
**(Against Advanced Recovery Equipment and Supplies LLC and ARES Medical Supplies LLC)**

a. DECLARE that the DME Entity Defendants, at all relevant times, purportedly provided medically unnecessary services and DME pursuant to improper self-referrals, and submitted excessive charges to Liberty Mutual, and thus have no standing to submit or receive assigned benefits under New York's No-Fault Law.

b. DECLARE that the DME Entity Defendants' activities are unlawful;

c. DECLARE that Liberty Mutual has no obligation to pay any pending, previously-denied and/or future No-Fault insurance claims submitted by the DME Entity Defendants; and

d. GRANT all other relief this Court deems just.

**JURY TRIAL DEMAND**

The plaintiffs demand a trial by jury on all claims.

KING, TILDEN, MCETTRICK & BRINK, P.C.

*/s/ Shauna L. Sullivan*

______________________

Nathan A. Tilden (NT0571)
ntilden@ktmpc.com
Shauna L. Sullivan (SS5624)
ssullivan@ktmpc.com
Hugh C.M. Brady (HB4724)
hbrady@ktmpc.com
350 Granite St., Suite 2204
Braintree, MA 02184
(617) 770-2214

Attorneys for the Plaintiffs,
*Liberty Insurance Corporation,*
*LM Insurance Corporation,*
*Liberty Mutual Fire Insurance Company,*
*The First Liberty Insurance Corporation,*
*Liberty Mutual Personal Insurance Company,*
*LM General Insurance Company,*
*Liberty Mutual Mid-Atlantic Insurance Company,*
*American States Insurance Company, and*
*Wausau Underwriters Insurance Company.*

Dated: April 4, 2024