UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Liberty Insurance Corporation, *et al.*,

                              Plaintiffs,                **MEMORANDUM & ORDER**
                                                                         24-CV-02518 (DG) (JRC)

    -against-

Advanced Recovery Equipment and Supplies LLC,
*et al.*,

                              Defendants.
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

       On April 4, 2024, Plaintiffs Liberty Insurance Corporation, LM Insurance Corporation, Liberty Mutual Fire Insurance Company, The First Liberty Insurance Corporation, Liberty Mutual Personal Insurance Company, LM General Insurance Company, Liberty Mutual Mid-Atlantic Insurance Company, American States Insurance Company, and Wausau Underwriters Insurance Company (collectively, "Liberty Mutual" or "Plaintiffs") filed the Complaint in this action against Defendants Advanced Recovery Equipment and Supplies LLC ("Advanced Recovery"), ARES Medical Supplies LLC ("ARES"), Daniel Horowitz, Jay I. Robinzon, and Russell Gladkovitser, a/k/a "Ruslan Gladkovitser" (collectively, "Defendants"). *See* Complaint ("Compl."), ECF No. 1. The Complaint is brought in seven Counts: (1) Violations of 18 U.S.C. § 1962(c) (against Defendants Horowitz, Gladkovitser, Robinzon, and ARES); (2) Violations of 18 U.S.C. § 1962(d) (against Defendants Horowitz, Gladkovitser, Robinzon, and ARES); (3) Violations of 18 U.S.C. § 1962(c) (against Defendants Horowitz, Gladkovitser, Robinzon, and Advanced Recovery); (4) Violations of 18 U.S.C. § 1962(d) (against Defendants Horowitz, Gladkovitser, Robinzon, and Advanced Recovery); (5) Common-Law Fraud (against all Defendants); (6) Unjust Enrichment (against all Defendants); and (7) Declaratory Relief under

28 U.S.C. § 2201 (against Advanced Recovery and ARES).  *See* Compl. ¶¶ 371-447.  In short, Plaintiffs allege that Defendants – two durable medical equipment ("DME") companies and their owners – "conspired to submit fraudulent No-Fault insurance charges for the provision of unlicensed, unnecessary, and medically worthless DME pursuant to unlawful referral relationships in violation of the law."  *See* Compl. ¶ 1.[1]

On May 30, 2024, Defendants Advanced Recovery, Horowitz, and Robinzon filed their Answer to the Complaint, ECF No. 16, and on June 4, 2024, Defendants ARES and Gladkovitser filed their Answer to the Complaint, ECF No. 17.  Discovery is ongoing.  *See generally* docket.

On August 5, 2024, Plaintiffs brought a Motion for Preliminary Injunction (the "Motion") pursuant to Rule 65 of the Federal Rules of Civil Procedure ("Rule 65").  *See* Notice of Motion, ECF No. 22; *see also* Memorandum of Law in Support of Motion ("Pls.' Br."), ECF No. 22-1; Declaration of Aaron Lewis ("Lewis Decl."), ECF No. 22-2; Reply in Support of Motion ("Pls.' Reply"), ECF No. 25;[2] Supplemental Declaration of Aaron Lewis ("Lewis Supp. Decl."), ECF No. 25-1; October 31, 2024 Letter Regarding Plaintiffs' Notice of Supplemental Authority, ECF No. 34.  Plaintiffs seek an order:

> 1.  STAYING all No-Fault collection arbitrations filed against Liberty Mutual by Advanced Recovery Equipment and Supplies, LLC ("Advanced Recovery") and ARES Medical Supplies, LLC ("ARES"); and

---

[1] Familiarity with the proceedings to date, including with the proceedings before Magistrate Judge James R. Cho, *see generally* docket, is assumed herein.

[2] Plaintiffs have made a request for oral argument only via the title of their reply brief (styled "Plaintiffs' Reply in Support of Motion for Preliminary Injunction with Request for Oral Argument"), which does not comport with the undersigned's Individual Practice Rules.  *See* Individual Practice Rule III.E.  In any event, the Court has determined that oral argument – which Defendants do not appear to seek – is not necessary here.  The parties have set forth their respective arguments clearly in their briefing.  In addition, no party has requested an evidentiary hearing and the Court has determined that none is necessary here.  *See State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*, 120 F.4th 59, 83 (2d Cir. 2024).

2. ENJOINING Advanced Recovery and ARES (and their agents) from filing any further No-Fault collection arbitrations or lawsuits against Liberty Mutual until Liberty Mutual's declaratory judgment claims against Advanced Recovery and ARES are resolved in this action.

Notice of Motion at 1-2; *see also* Pls.' Br. at 24.[3]

Defendants oppose the Motion. *See* Memorandum of Law in Opposition to Plaintiffs' Motion filed by Defendants Advanced Recovery, Horowitz, and Robinzon ("Advanced Recovery Br."), ECF No. 23 (attaching, *inter alia*, Declaration of Defendant Horowitz); Memorandum of Law in Opposition to Plaintiffs' Motion filed by Defendants ARES and Gladkovitser ("ARES Br."), ECF No. 24 (attaching, *inter alia*, Declaration of Defendant Gladkovitser).

For the reasons set forth below, Plaintiffs' Motion is granted.

## DISCUSSION

**I.     Applicable Law**

Preliminary injunctions are governed by Rule 65. *See* Fed. R. Civ. P. 65. As the United States Court of Appeals for the Second Circuit recently has stated in an analogous no-fault insurance case: "To obtain a preliminary injunction, a party must show '(1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest.'" *See State Farm. Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*, 120 F.4th 59, 79 (2d Cir. 2024) (hereinafter, "*State Farm*") (quoting *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018)).[4]

---

[3]  Plaintiffs define "Liberty Mutual" to cover all Plaintiffs in this action. *See* Notice of Motion at 1.

[4]  The Complaint references both New York and New Jersey no-fault laws and regulations. In briefing, the parties focus largely on New York's no-fault insurance regime, which has been discussed in detail in prior decisions, *see, e.g.*, *State Farm*, 120 F.4th at 71; *Gov't Emps. Ins.*

3

## II.   A Preliminary Injunction is Warranted

As set forth below, Plaintiffs have met their burden of showing that they are entitled to the requested relief.

### A. Irreparable Harm

"The irreparable harm requirement is the single most important prerequisite for the issuance of a preliminary injunction." *State Farm*, 120 F.4th at 80 (quotation omitted). To establish irreparable harm, the moving party "must show that 'there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation.'" *See id.* (quoting *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002)). The harm must be "neither remote nor speculative, but actual and imminent." *See id.* (quotation omitted).

Plaintiffs argue that they will be irreparably harmed in the absence of a preliminary injunction. *See* Pls.' Br. at 13-19. More specifically, Plaintiffs argue (1) that there exists a significant risk of inconsistent results and (2) that monetary compensation would be insufficient here because "[e]ven with a complete victory on all claims," they "will still be unable to fully recover monies paid in connection with the arbitrations and state court proceedings absent injunctive relief." *See* Pls.' Br. at 14-19. Plaintiffs argue that "[t]he risk of irreparable harm from inconsistent decisions is particularly acute in this case because the Defendants' scheme is complex, but extensive discovery and record-building is not available in the collection actions, which heightens the risk of inconsistent outcomes between the collection actions and Liberty Mutual's declaratory judgment claims against Advanced Recovery and ARES." *See* Pls.' Br. at

---

*Co. v. Wellmart RX, Inc.*, 435 F. Supp. 3d 443, 446-47 (E.D.N.Y. 2020), and with which familiarity is assumed herein. The Court has considered all of the allegations and arguments, including those referencing New Jersey no-fault laws and regulations.

4

16; *see also* Lewis Decl. ¶¶ 7-17.  Plaintiffs further argue that when a provider prevails in arbitration, Plaintiffs are obligated by law to pay attorney's fees, which are paid "directly to [Advanced Recovery's and ARES's] arbitration counsel – who are not parties to this action – leaving Liberty Mutual unable to recoup these payments from Defendants through a judgment in this case."  *See* Pls.' Br. at 18; *see also* Lewis Decl. ¶¶ 19-21.

Defendants argue that Plaintiffs have not met their burden of demonstrating irreparable harm.  *See* Advanced Recovery Br. at 16-18; ARES Br. at 4-8.

The Court concludes that Plaintiffs have satisfied the irreparable harm requirement.  Here, the record before the Court reflects that there are 41 arbitrations pending, *see* Pls.' Br. at 1, 15; Lewis Decl. ¶ 12; Lewis Decl. Exs. 1, 2, which, *inter alia*, requires Plaintiffs to expend resources defending numerous no-fault actions that could be resolved globally in a single action; presents a risk of inconsistent decisions; and presents a risk that the alleged fraudulent scheme will be obscured.  *See, e.g.*, *State Farm*, 120 F.4th at 80-81 (finding "no error, much less an abuse of discretion" in district court's conclusion that plaintiffs satisfied the irreparable harm requirement where, *inter alia*, they "sufficiently allege[d] that the massive fraudulent scheme . . . becomes apparent only when the claims are analyzed altogether" – *i.e.*, that defendants' "alleged fraudulent scheme is not readily apparent when viewed on an individual claim-by-claim basis, and the arbitrations and state-court proceedings therefore help to insulate the alleged fraud from detection," noting that "[t]hat risk of harm is amplified by the potential preclusive effect of the state-court proceedings and arbitrations"); *Gov't Emps. Ins. Co. v. Barakat*, 709 F. Supp. 3d 93, 101 (E.D.N.Y. 2024) (stating that "[c]ourts in this district have found . . . that irreparable harm occurred where an insurer is required to waste time defending numerous no-fault actions when those same proceedings could be resolved globally in a single, pending declaratory judgment

5

action" and collecting cases (quotation omitted)); *Gov't Emps. Ins. Co. v. Wellmart RX, Inc.*, 435 F. Supp. 3d 443, 449-50 (E.D.N.Y. 2020) (stating that "[t]he crux of [plaintiffs'] argument is, absent a stay, the collection proceedings will not merely drain [them] of time and resources, but will also invite inconsistent judicial outcomes" and that plaintiffs "further contend[] that, given [defendant's] transfer of funds, money damages are unlikely to provide adequate compensation," noting that plaintiffs' "position is supported by ample authority," and discussing such authority); *State Farm Mut. Auto. Ins. Co. v. Parisien*, 352 F. Supp. 3d 215, 233 (E.D.N.Y. 2018) (stating that "[c]ourts have readily held that irreparable harm occurs where . . . an insurer is required to waste time defending numerous no-fault actions when those same proceedings could be resolved globally in a single, pending declaratory judgment action" and collecting cases); *Allstate Ins. Co. v. Elzanaty*, 929 F. Supp. 2d 199, 222 (E.D.N.Y. 2013) (stating that "the irreparable harm is not solely the existence of a piecemeal resolution . . . [i]nstead, there is a concern here with wasting time and resources in an arbitration with awards that might eventually be, at best, inconsistent with [the court's] ruling, and at worst, essentially ineffective" and that "allowing a large number of proceedings to be heard by a mix of arbitrators, each of whom will likely come to their own independent and potentially contradictory conclusions, will result in harm to [plaintiffs] from which [they] cannot recover"); *Gov't Emps. Ins. Co. v. Demesmin*, No. 23-CV-06191, 2024 WL 4573698, at *3 (E.D.N.Y. Oct. 23, 2024) (concluding that plaintiffs had established irreparable harm because permitting arbitrations to proceed would subject plaintiffs "to a risk of judgments that may be inconsistent with future judicial rulings"); *Gov't Emps. Ins. Co. v. Cean*, No. 19-CV-02363, 2019 WL 6253804, at *5 (E.D.N.Y. Nov. 22, 2019) (agreeing with plaintiffs that "wasting time and resources in arbitrations with awards that might eventually be, at best, inconsistent with judicial rulings and, at worst, essentially ineffective, constitutes irreparable

harm").[5]

### B. Serious Questions on the Merits

"The 'serious questions' standard permits a district court to grant a preliminary injunction in situations where it cannot determine with certainty that the moving party is more likely than not to prevail on the merits of the underlying claims, but where the costs outweigh the benefits of not granting the injunction." *State Farm*, 120 F.4th at 82-83 (quoting *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010)).[6]

Plaintiffs' Complaint provides detailed allegations of a scheme "designed to siphon [Defendants'] patients' No-Fault benefits by billing for (1) unlicensed services; (2) services based on improper patient referrals; and (3) the provision of medically unnecessary DME that were charged to Liberty Mutual at grossly inflated rates." *See* Compl. ¶¶ 133-360.[7] More specifically, Plaintiffs allege, *inter alia*, that Defendants – who operated at several different locations around New York and New Jersey for a period of years, *see generally* Compl. – "cultivate[d] collusive referral relationships with medical providers, many of which were family members," *see* Pls.' Br. at 7 (citing to Compl.); *see also* Pls.' Reply at 3 (referencing "nearly 130 self-referrals in violation of New York law" and citing to Lewis Supp. Decl.). Plaintiffs further

---

[5] Defendants' references to *Allstate Insurance Company v. Harvey Family Chiropractic*, 677 F. App'x 716 (2d Cir. 2017), *see* Advanced Recovery Br. at 17-18; ARES Br. at 4-5, are unavailing. *See, e.g.*, *State Farm*, 120 F.4th at 81-82 (distinguishing *Harvey*); *Demesmin*, 2024 WL 4573698, at *3 (same).

[6] The "serious questions" standard is also frequently referred to as the "fair ground for litigation" standard. *See State Farm*, 120 F.4th at 83 (quotation omitted).

[7] Plaintiffs argue, *inter alia*, that "[t]he gravamen of Liberty Mutual's Complaint is that [Advanced Recovery and ARES] failed to comply with state and local licensure laws." *See* Pls.' Reply at 1.

allege that Advanced Recovery and ARES billed for continuous passive motion machines ("CPMs") and cold therapy units ("CTUs") that "were not medically necessary." *See* Pls.' Br. at 8 (citing to Compl.); *see also* Pls.' Reply at 3. And, Plaintiffs include in the Complaint specific allegations regarding "exemplar [patient] claims." *See* Compl. ¶¶ 226-332.

The Court concludes – as have courts in analogous circumstances – that Plaintiffs here have satisfied the "serious questions" requirement. Plaintiffs' Complaint (including its Exhibits) and Plaintiffs' Declarations in support of the Motion sufficiently demonstrate serious questions going to the merits. *See, e.g.*, *State Farm*, 120 F.4th at 84 (concluding that district court did not err in determining that plaintiffs had "demonstrated sufficiently serious questions going to the merits," noting that the complaint "alleges in substantial detail that Defendants have participated in an elaborate RICO scheme spanning several years" and that the "allegations describe a web of interconnected relationships among the various Defendants, illegal financial arrangements tying many of the Defendants together, medically unnecessary treatment and services provided to patients, and unauthorized ownership or operation of medical facilities by some Defendants"); *Demesmin*, 2024 WL 4573698, at *3-4 (concluding that plaintiffs satisfied the "serious questions" standard where the complaint detailed, *inter alia*, "a complex scheme of fraudulent billing and referrals among a network of chiropractic providers); *Gov't Emps. Ins. Co. v. Zilberman*, No. 20-CV-00209, 2021 WL 1146086, at *2 (E.D.N.Y. Mar. 25, 2021) (concluding that serious questions prong of standard had been met and collecting cases); *Gov't Emps. Ins. Co. v. Beynin*, No. 19-CV-06118, 2021 WL 1146051, at *6 (E.D.N.Y. Mar. 25, 2021) (concluding that plaintiffs had raised a serious question going to the merits where the complaint detailed a complicated scheme of alleged fraudulent activity and where, when analyzed as a whole, the allegations gave rise to an inference that the treatments were either not being provided on the

8

basis of medical necessity, were not provided at all, or were not provided in compliance with applicable state laws and regulations).[8]

### C. Balance of Hardships

In addition to satisfying the "serious questions" requirement, Plaintiffs here must "establish that 'the balance of hardships tips *decidedly*' in [their] favor." *See Citigroup Glob. Mkts., Inc.*, 598 F.3d at 35 (quoting *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979)); *see also State Farm*, 120 F.4th at 79, 84-85. In determining whether Plaintiffs have satisfied this requirement, the Court "must 'balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *See State Farm*, 120 F.4th at 84 (quoting *Yang v. Kosinski*, 960 F.3d 119, 135 (2d Cr. 2020)). "This factor is 'related' to the irreparable harm requirement as 'both . . . consider the harm to the parties' with the relevant harm being that which '(a) occurs to the parties' legal interests and (b) cannot be remedied after a final adjudication, whether by damages or a

---

[8] Defendants' contention that Plaintiffs have failed to establish the existence of serious questions going to the merits, *see* Advanced Recovery Br. at 19; ARES Br. at 5-6, is unavailing – particularly because it appears to rely heavily on a discounting of the detailed allegations in the Complaint. *See Gov't Emps. Ins. Co. v. Moshe*, No. 20-CV-01098, 2020 WL 3503176, at *2 (E.D.N.Y. June 29, 2020) (stating that "[w]hile many courts have granted injunctions after considering a more developed record, a complaint alone can be sufficient to grant an injunction" and that "[t]his is particularly true where, as here, the complaint comprehensively details regulatory violations, unnecessary medical services, and unlawful referrals" and collecting cases); *see also Cean*, 2019 WL 6253804, at *5 (finding a "serious question going to the merits" where plaintiffs "alleged, in significant detail, facts relating to Defendants' fraudulent activity in [the] Complaint, describing fraudulent medical treatment, deceitful billing protocols, and an illegal kickback and referral scheme").

Defendants' reliance on alleged inaccuracies with respect to licensure dates, *see* Advanced Recovery Br. at 19; *see also* ARES Br. at 6-7, similarly is unavailing. Even assuming, *arguendo*, that Defendants are correct as to licensure dates, Plaintiffs' other allegations of fraud are sufficient to meet Plaintiffs' burden of showing serious questions going to the merits here.

permanent injunction.'" *Id*. at 84-85 (quoting *Salinger v. Colting*, 607 F.3d 68, 81 (2d Cir. 2010)).

Plaintiffs argue that "[a]llowing the arbitrations to go forward will expose Liberty Mutual to permanent injuries even if Liberty Mutual eventually prevails in this action, injuries that will be aggravated if Liberty Mutual is required to spend additional time and resources trying to vacate the arbitration awards entered in favor of [Advanced Recovery and ARES]" and that "[m]eanwhile, [Advanced Recovery and ARES] bear no risk of irreparable harm if an injunction is issued because Advanced Recovery and ARES' only harm (i.e., forbearance from pursuing unpaid bills) can be repaired through monetary means (i.e., collection of statutory interest on unpaid bills)." *See* Pls.' Br. at 22-23. Plaintiffs further argue that "an injunction actually benefits all parties because they will be given the chance to have all of their claims adjudicated in one action." *See* Pls.' Br. at 23.

In opposition, Defendants Advanced Recovery, Horowitz, and Robinzon argue that "the balance of hardships weighs overwhelmingly in favor of Defendants due to the very real and present threat of policy exhaustion." *See* Advanced Recovery Br. at 20-23; *see also* ARES Br. at 2 (arguing that "the equities weigh in favor of the Defendants who continue to work as viable and licensed durable medical equipment companies").

The Court concludes – as have courts in analogous circumstances – that Plaintiffs have satisfied the requirement of showing that the balance of hardships tips decidedly in their favor. Plaintiffs here "raise[] serious and substantial allegations that demonstrate actual and imminent irreparable harm absent an injunction," whereas Defendants' "alleged hardships of economic impact can be remedied by monetary damages should they later prevail." *See State Farm*, 120 F.4th at 85. If the preliminary injunction is granted and Plaintiffs fail to prove their claims,

10

Defendants' recovery of the no-fault benefits to which they are entitled will, at worst, be delayed. *See, e.g.*, *Parisien*, 352 F. Supp. 3d. at 234.  Further, Defendants will be able to recover any balance owed plus interest if they eventually prevail on the merits.  *See State Farm*, 120 F.4th at 85; *Demesmin*, 2024 WL 4573698, at *4 (stating that "[b]ecause the defendants will presumably be entitled to collect interest on their pending claims if they prevail, the delay does not outweigh the risk of inconsistent outcomes faced by [plaintiffs]" (citation omitted)); *Elzanaty*, 929 F. Supp. 2d at 222 (referencing interest as a benefit if defendant ultimately prevails); *Gov't Emps. Ins. Co. v. Advanced Comprehensive Lab'y, LLC*, No. 20-CV-02391, 2020 WL 7042648, at *8 (E.D.N.Y. Dec. 1, 2020); *see also* N.Y. Comp. Codes R. & Regs. tit. 11, § 65-3.9(a).  Finally, granting the requested relief will promote efficiency, as courts have recognized in similar cases.  *See, e.g.*, *Cean*, 2019 WL 6253804, at *5 (citing *Elzanaty*, 929 F. Supp. 2d at 222); *Advanced Comprehensive Lab'y, LLC*, 2020 WL 7042648, at *8.[9]

### D. The Public Interest

The Court next considers whether issuance of the requested preliminary injunction is in the public interest, "which concerns the public consequences in employing the extraordinary remedy of injunction."  *See State Farm*, 120 F.4th at 85 (quotation omitted).

Plaintiffs argue that a preliminary injunction "strongly favors the public interest" here. *See* Pls.' Br. at 23-24 (arguing that preventing fraud of the sort alleged here is in the public interest and citing, *inter alia*, the Court's decision in *Beynin*); Pls.' Reply at 9 (asserting that "[a]ny actions that help enforce New York's No-Fault laws, prevent fraud, and contain insurance

---

[9] The defense argument with respect to exhaustion is unavailing on the record before the Court. *See, e.g.*, *State Farm*, 120 F.4th at 85; *State Farm Mut. Auto. Ins. Co. v. Kotkes*, No. 22-CV-03611, 2023 WL 4532460, at *11 (E.D.N.Y. July 13, 2023); *Gov't Emps. Ins. Co. v. Moshe*, No. 20-CV-01098, 2020 WL 3503176, at *3 (E.D.N.Y. June 29, 2020).

11

costs strongly serve[] a vital public interest").

In *State Farm*, the Second Circuit noted: "Preventing fraud, especially the kind of elaborate and complex RICO scheme alleged here, is plainly in the public interest." *See* 120 F.4th at 85 (collecting cases). In light of the record before the Court, the Court concludes that a preliminary injunction is in the public interest here too.

**E. Security**

Pursuant to Rule 65(c), a "court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." *See* Fed. R. Civ. P. 65(c). However, "an exception to the bond requirement has been crafted for cases involving the enforcement of 'public interests' arising out of 'comprehensive federal health and welfare statutes.'" *See Advanced Comprehensive Lab'y, LLC*, 2020 WL 7042648, at *8 (quoting *Pharm. Soc'y of State of N.Y., Inc. v. N.Y. State Dep't of Soc. Servs.*, 50 F.3d 1168, 1174 (2d Cir. 1995)). Further, "[c]ourts have the discretion . . . to require no security at all depending on the specific circumstances." *See State Farm*, 120 F.4th at 86; *see also Gov't Emps. Ins. Co. v. Moshe*, No. 20-CV-01098, 2020 WL 3503176, at *3 (E.D.N.Y. June 29, 2020) (noting that "courts have wide discretion to dispense with the bond requirement when there has been no proof of likelihood of harm" (quotation omitted)).

Plaintiffs argue that the Court "should waive the security requirement of Rule 65(c) like other courts under similar circumstances," noting, *inter alia*, that "there is no risk of harm because Liberty Mutual has the resources to pay any eventual No-Fault awards." *See* Pls.' Br. at 23-24. Defendants Advanced Recovery, Horowitz, and Robinzon argue that if the Motion is granted, a bond should be required. *See* Advanced Recovery Br. at 25 (arguing, *inter alia*, that

12

"[i]n the event Plaintiffs don't prevail, some protection should be in place for payments that defendants don't receive during the pendency of the injunction" and that "Plaintiffs should be required to post bond sufficient to cover the amount of their claims").

The Court agrees with prior decisions that have concluded that New York's no-fault insurance scheme falls within the public interest exception and that preventing fraud of the sort alleged here is in the public interest. *See, e.g.*, *Wellmart RX, Inc.*, 435 F. Supp. 3d at 456. Moreover, Defendants' proof of likelihood of harm is wanting. On the record here, the Court will not require Plaintiffs to give security.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Preliminary Injunction, ECF No. 22, is GRANTED and it is hereby ORDERED that, during the pendency of this action:

(1) All no-fault collection arbitrations filed against Liberty Mutual by Advanced Recovery and ARES are stayed; and

(2) Advanced Recovery and ARES and their agents are enjoined from filing any further no-fault collection arbitrations or lawsuits against Liberty Mutual until Liberty Mutual's declaratory judgment claims against Advanced Recovery and ARES are resolved in this action.[10]

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: December 17, 2024
Brooklyn, New York

---

[10] The argument that the relief sought is precluded by the Anti-Injunction Act, *see* Advanced Recovery Br. at 23-24, is unavailing because Plaintiffs seek – and the instant Order grants – relief with respect to *future* state proceedings. *See State Farm*, 120 F.4th at 92 n.10 (citing *Pathways, Inc. v. Dunne*, 329 F.3d 108, 114 (2d Cir. 2003)).